MERRELL vs. CAMPBELL, County Clerk, Garnishee.

*May 14 — May 27, 1880.*

*Garnishment of counties or their officers.*

1. A municipal corporation (in this case a county) is not subject to garnishment; and one who holds property of a debtor merely as agent of such a corporation cannot be garnished in respect thereof.
2. Even if a county were liable to garnishment, the process would not reach an undelivered *county order* in favor of the debtor, in the county clerk's hands.
3. A delivery of such an order by the clerk to the sheriff, upon service of process of garnishment, does not bind the county and subject it to garnishment.

APPEAL from the Circuit Court for *Crawford* County.

The board of supervisors of Crawford county allowed certain claims of the principal defendant, Bryan J. Castle, against the county; and, pursuant to the direction of the board, county orders for the sum so allowed, payable to Castle, were made out by the appellant, *James E. Campbell*, the county clerk, and signed by the proper officers. These orders were not delivered to Castle, but immediately after they were so made out and signed, and before they had been detached from the stub book in the clerk's office, the clerk was summoned as garnishee of Castle at the suit of *Merrell*, the plaintiff. The clerk delivered the orders to the sheriff who served the process, and answered and proved the facts above stated. The circuit court rendered judgment against the garnishee, holding him liable as such, and directed that the orders be paid or delivered into court for the use of the plaintiff. *Campbell*, the county clerk, appealed from the judgment.

Briefs for the appellant by *Thomas & Fuller*, and oral argument by *O. B. Thomas*.

Brief for the respondent by *M. M. & D. Webster*, and oral argument by *M. M. Webster*.

Lyon, J.   Until the county orders in question were delivered to Castle, he had no property in them.   Before such delivery, it was competent for the board of supervisors to reconsider their action in allowing Castle's accounts, and to direct the orders to be cancelled.   Had the board done so, the remedy of Castle would have been upon his original claims against the county, not upon the orders which had never been delivered to him.   In this respect the case is the same as though A., being indebted to B., agrees to give the latter his note for the amount of the debt, and actually makes out and·signs a note therefor, but does not deliver it to B.   While the note remains undelivered, B. cannot maintain an action upon it.   His remedy is upon the original debt.   In the case supposed, a garnishee proceeding against A. at the suit of a creditor of B. might reach the original indebtedness, but most certainly it would not reach the undelivered note.   So in this case the garnishee proceeding against the county clerk (were there no other impediment) cannot reach the undelivered county orders.

But there is another and an insurmountable impediment to a recovery against the garnishee.   The county clerk is the mere agent or instrument of the board of supervisors; his custody of the orders in question was the custody of the county; and, although this garnishee proceeding is in form against the county clerk, in substance and legal effect it is against the county.   It has been the settled law of this state for nearly twenty years, that a municipal corporation is not subject to garnishment; and it is too late to change the rule by judicial determination.   *Burnham v. Fond du Lac*, 15 Wis., 193; *Buffham v. Racine*, 26 Wis., 449.   The principle of the rule was also asserted in *Hill v. La Crosse & Mil. Railroad Co.*, 14 Wis., 291.

We think that proper exceptions were taken to present the questions here determined; and also that the delivery of the orders by the clerk to the sheriff has no significance.   Such delivery cannot operate to bind the county, whose instrument the clerk is, or to subject it to garnishment.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded with directions to that court to dismiss the garnishee proceedings.