## John Lorenson, for use of Home Lumber Company, v. Richard Rusk.

1. GARNISHMENT—*No Recovery. Unless, etc.*—No recovery can be had for the benefit of a garnishing creditor unless his debtor could have maintained, in his own name, an action of debt or *indebitatus assumpsit* against the garnishee.

**Garnishment Proceedings.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed December 28, 1896.

ELMER H. ADAMS, attorney for appellant.

E. S. CUMMINGS, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is a garnishment of the appellee by the Home Lumber Company, a judgment creditor of the appellant. The claim that the appellee was indebted to the appellant is

based upon a contract by which the appellant undertook to build a house for the appellee, the payments to be made upon the certificates of an architect. The appellant worked upon, but did not build, the house, and no certificate was ever issued by the architect. It is a fair conclusion, from the evidence heard by the judge on the trial without a jury, that at no time either before, at, or after the service of the garnishee summons upon the appellee, was he, either in law or morals, indebted to the appellant. No recovery can be had for the benefit of a garnishing creditor, unless his debtor could have maintained, in his own name, an action of debt, or *indebitatus assumpsit*, against the garnishee. Sangamon Coal Mining Co. v. Richardson, 33 Ill. App. 277; Capes v. Burgess, 135 Ill. 61.

This record contains nothing to show that Lorenson could ever have maintained such an action, and the judgment is affirmed.