## PRINGLE v. GUILD et al.

(Circuit Court, D. South Carolina. November 14, 1902.)

1. MUNICIPALITY—GARNISHMENT—CONTRACTOR—BENEFICIAL PUBLIC WORK.

An attachment issued against a city, as garnishee, to reach money owing by it on a contract for the construction of a necessary and beneficial public work, will be set aside as to so much of the attachment as seeks to reach funds payable to the contractors during the performance of their contract with the city.

At Law. Motion to set aside an attachment.

Wm. H. Lyles and D. W. Robinson, for plaintiff.
R. W. Shand and P. H. Nelson, for defendants.

SIMONTON, Circuit Judge. This cause originated in the court of common pleas for Richland county, and has been regularly and properly removed into this court. The action is for personal injuries to the intestate of the plaintiff, alleged to have been caused by the negligence of the defendants. The defendants are under contract with the city of Columbia, a municipal corporation, for putting in a sewerage system in said city, which system is of great value and importance to the public health. In carrying out their contract, the defendants necessarily made excavations in the soil; and the injury sustained by plaintiff's intestate was caused by his falling into one of these excavations, his life being the forfeit. Upon suing out the summons and complaint, the plaintiff in the state court obtained a warrant of attachment, directed, among others, to the city of Colum-

¶ 1. See Garnishment, vol. 24, Cent. Dig. § 32.

bia, its officers and agents, attaching in their hands all moneys due or to become due to the defendants under this contract. A motion is now made in this court to set aside this attachment on several grounds. Some of these grounds go to the sufficiency of the complaint; others to the case on its merits; one to the small amount required in the undertaking; one upon the issuance of the attachment; yet another to the excessive demand for damages in the complaint, and the consequent necessity for a heavy bond in releasing the attachment. It is unnecessary at this time, and in the mode of presenting the case to the court, to anticipate many of these questions, which will properly come up for decision on trial of the cause.

The grave question to be met is that presented by defendant in his third exception:

"The tools and implements used by defendants, being used in fulfilling a contract with the city of Columbia for a public work affecting the public health, and the moneys due and to be due by the city of Columbia, a municipality of this state, being payable for such public work, the same could not be legally attached, to the embarrassment and delay of such work."

Or to put it more generally, a public municipal corporation cannot be subjected to the process of garnishment, at least for moneys appropriated to a public work for the public health, unless it be so provided by statute.

Among the papers presented with this motion is a return made by the city of Columbia to process of garnishment, vigorously protesting its illegality, and taking substantially the same position as defendants on this point.

The course of decision on this point in the several states of the Union is by no means uniform. But the great preponderance of authority sustain the position stated. See cases on both sides of the question cited in 14 Am. & Eng. Enc. Law (2d Ed.) pp. 811, 812. The exemption of a municipal corporation from process of garnishment is broadly sustained in Mayor, etc., v. Rowland, 26 Ala. 498; in Leake v. Lacey, 95 Ga. 747, 22 S. E. 655, 51 Am. St. Rep. 112; in Hardware Co. v. Perdue, 105 Ala. 293, 16 South. 713, 53 Am. St. Rep. 124; in State v. Tyler (Wash.) 45 Pac. 31, 37 L. R. A. 207, 53 Am. St. Rep. 878; Boone Co. v. Keck, 31 Ark. 387. It is also discussed and followed in an able opinion in Merwin v. City of Chicago, 45 Ill. 133, 92 Am. Dec. 204. The rule and the reason for the rule are well stated in Wade, Attachm. § 345; and Judge Dillon, in his able work on Municipal Corporations, whilst he thinks it not reasonable, admits the existence of the rule.

I am of the opinion, therefore, that so much of the attachment as seeks to reach funds payable to the defendants during the performance of their contract with the city of Columbia, and whilst engaged in its performance, must be set aside. Decision on all other points is reserved.