## M. T. TEVES *v.* H. B. READE; CITY AND COUNTY OF HONOLULU, GARNISHEE.

## No. 976.

APPEAL FROM DISTRICT MAGISTRATE OF HONOLULU.

ARGUED NOVEMBER 28, 1916.   DECIDED DECEMBER 15, 1916.

### ROBERTSON, C.J., WATSON AND QUARLES, JJ.

MUNICIPAL CORPORATIONS—*auditor—issuance of warrant.*

In the absence of a showing of fraud, or dispute as to the amount found by the board of supervisors to be due, the auditor of the city and county of Honolulu is without authority to refuse to issue a warrant drawn by him in payment of a claim duly allowed and ordered paid by the board of supervisors.

WORDS AND PHRASES—*"any person."*

The words "any person," as used in Sec. 2801 R. L. 1915, relating to garnishment, include municipal corporations.

GARNISHMENT—*municipal corporations—public policy.*

Public policy may demand that a sum set apart for the erecting or making alterations and additions to a public building should not be liable to garnishment during the progress of the work, for the debt of the person contracting to do the work, for that might prevent its completion; but when the work is finished and the money has been earned and is standing to the credit of the contractor with the municipal corporation, it should be subject like any other property to the payment of his debts. The cases of *Laredo* v. *Nalle,* 65 Tex. 359, and *Pringle* v. *Guild,* 118 Fed. 655, cited and followed.

SAME—*same—liability as garnishee.*

Under the facts in this case, held, that a municipal corporation, like an individual or private corporation, is subject to the process of garnishment for an ordinary debt due by it to a third person.

### OPINION OF THE COURT BY WATSON, J.

This is an action of assumpsit brought by M. T. Teves

against H. B. Reade, defendant, and the city and county of Honolulu, garnishee. From a judgment in favor of the plaintiff for $66.14, and holding the garnishee liable for that amount the city and county took an appeal to this court on points of law. The facts, as set out in a lengthy written disclosure filed by the garnishee, may be summarized as follows: that defendant Reade had a contract with the city and county of Honolulu to do certain work and make certain alterations and additions to the electric light plant of the city and county; that incorporated in the said contract as paragraph 36 of the specifications, attached to and made a part of the contract, the contractor covenanted and agreed as follows:

"36.   Claims.   The contractor agrees that he will furnish satisfactory evidence that all persons, firms or corporations who have done work or supplied material under these specifications have been paid or satisfactorily secured before the contractor shall be entitled to final payment.

"In case such evidence is not furnished, or in case any claim, suit and or action for compensation, damage or otherwise, be filed against the city and county or against the contractor by reason of the work performed or to be performed under the plans, specifications and or contract, the city and county may retain from the moneys due or to become due to the contractor sufficient sum or sums fully to protect itself from loss, charge or expense by reason of said claims, suits and or actions until the contractor shall have completely and satisfactorily settled and or terminated said claims, suits and or actions,—the city and county, without prejudice to any other and further right, making any and all deductions for any loss, charge or expense sustained to which it would be entitled under the contract, specifications and or bond for faithful performance, or otherwise, before paying over the balance of any sum or sums retained as aforesaid, if any, to the contractor;"

that at the time of the service of the garnishment summons upon the city and county the work under the contract had

been completed and there was a balance due to Reade under such contract of $397; that, acting upon the recommendation of the building inspector and an affidavit by Reade, that he had "paid all the bills for materials furnished and labor executed for the additions to the new Nuuanu electric light plant in Nuuanu Valley or had made satisfactory arrangements to pay the same" said sum of $397, being the balance due under the contract, was allowed and ordered paid by the board of supervisors; that, acting upon such order and authorization of the board of supervisors, the auditor of the city and county drew a warrant in favor of said Reade for said sum of $397, but that sundry claims having been brought to the attention of the auditor and the city and county attorney for labor and materials still due and owing from the said H. B. Reade on account of said contract additions, the said auditor, on the advice of the city and county attorney, did retain and does still retain in his possession the said warrant for the sum of $397.

By reason of the above facts it is preliminarily contended by the garnishee-appellant that at the time of the service upon it of the garnishment summons there was no debt actually owing by it to the principal defendant which might have been made the subject of an action for debt by the principal defendant (citing *Jefferson Bank* v. *Nathan* (Ala.), 35 So. 355; *Lorenson* v. *Rusk*, 67 Ill. App. 532), and that therefore there was no debt subject to garnishment. We think there is no merit in this contention. There is no showing made by the disclosure of any *loss, charge* or *expense* to which the city and county may be subjected by reason of any outstanding claim or claims against the contractor, nor is it alleged that no satisfactory arrangement has been made by the contractor to pay said claims. There is therefore nothing in paragraph 36 of the specifications, above quoted, which would authorize the withholding by the auditor of the amount found due and allowed by the

board of supervisors (see *Territory* v. *Pacific Coast Casualty Co.,* 22 Haw. 446). Unless the auditor, who is the executive officer of the board of supervisors, is able to show that the order on him was fraudulent, or that a mistake existed in the amount found to be due, he could not go behind the judgment of the board of supervisors, acting in behalf of the city and county, directing the payment of this sum. There is no pretense of fraud or dispute as to the amount found to be due (*Shannon* v. *Reynolds* (Ga.), 3 S. E. 653). Before the delivery of the warrant to Reade it was undoubtedly competent for the board of supervisors to reconsider their action in allowing Reade's accounts and to direct the warrant to be cancelled. Even then Reade would have had his remedy upon his original claim against the city and county (*Merrell* v. *Campbell, County Clerk, Garnishee,* 49 Wis. 535). We are of the opinion that in the absence of any showing of an order by the board of supervisors directing the auditor to withhold the warrant, and in the absence of any showing of fraud, or dispute as to the amount found by the board to be due, that the auditor was without authority to withhold the warrant and that the principal defendant might have maintained an action against the city and county for the balance due him under his contract. It is a general principle that one who may be sued may be garnisheed by the creditor of the person who may sue (*Waterbury* v. *Com'rs Deer Lodge Co.,* 10 Mont. 515, 520; *Newark* v. *Funk,* 15 Ohio St. 462).

The principal ground relied on by the appellant, however, is that it, as a municipal corporation, is not subject to the process of garnishment. In support of this contention counsel for appellant cites many authorities, including *Merwin* v. *City of Chicago,* 45 Ill. 133, holding that for reasons of public policy municipal corporations are not liable to garnishment. Upon this point there is a mass of conflicting authority (5 McQuillin, Mun. Corp., Sec. 2517; Rood on Garnishment,

Sec. 18), the reasons given by the courts for and against exempting municipal corporations from the garnishment process being set out with admirable conciseness in Rood on Garnishment, Secs. 21, 22. The whole question must, of course, ultimately depend upon statutory construction. This being true, and the question being one of first impression in this court, we adopt the language of Judge Welch in *City of Newark* v. *Funk,* 15 Ohio St. 463: "In other states authorities are quite conflicting; so much so, that we do not feel bound by any of them, and see nothing to prevent us from deciding the question as an original one, according to our own views of public policy and of the meaning and intent of the statute." By Act 118, Laws 1907, Ch. 111 R. L., the city and county of Honolulu is created a municipal corporation. It may sue and be sued in all courts and places and in all matters and proceedings. And by section 1636 R. L. 1915 (L. 1907, Act 118, Sec. 5) it is provided: "Suits, actions and proceedings may likewise be brought against said city and county, at law or in equity, for the recovery of any money, property or thing belonging to any person, corporation or the Territory, or for the enforcement of any rights of, or contracts with, or damages against, said city and county * * *." Section 2801 R. L. 1915 provides how any person indebted or having in his hands effects of a debtor may be summoned as garnishee. That the words "any person," used in that section, include corporations is, too well settled to require discussion. Section 16 R. L. 1915 provides that the word "person" may signify not only persons or corporations, societies, communities and assemblies, inhabitants of a district or neighborhood, or persons known or unknown, but the public generally. The language of our garnishment statute is broad enough to cover all corporations, and all, it would seem, would be held to be within its terms unless there should be some rule or public policy which would exclude municipal corporations. In *Ports-*

*mouth Gas Co.* v. *Sanford,* 97 Va. 124, 33 S. E. 516, 45 L. R. A. 246, 75 Am. St. Rep. 778, the word "person" in the garnishment statute was held to include municipal corporations. And in *Waterbury* v. *Com'rs. Deer Lodge Co., supra,* a county was held subject to garnishment for a debt due by it to one of its officers under a statute making "all persons" liable as garnishees. Other cases holding municipal corporations liable to garnishment are *Laredo* v. *Nalle,* 65 Tex. 359 (referred to and approved as sound in 157 S. W. 208); *Bray* v. *Wallingford,* 20 Conn. 416; *Wilson* v. *Lewis,* 10 R. I. 285; *Wales* v. *Muscatine,* 4 Iowa 302; *State* v. *Horton,* 38 N. J. L. 88; *Rodman* v. *Musselman,* 12 Bush (Ky.) 354; *Mitchell* v. *Miller,* 95 Minn. 62; *Whidden* v. *Drake,* 5 N. H. 13; *Adams* v. *Tyler,* 121 Mass. 380; *Newark* v. *Funk, supra.* To the effect that the word "person" in a statute may include municipal corporations see *Met. R. R. Co.* v. *District of Columbia,* 132 U. S. 1, 10; *Olathe* v. *Mo. etc. R. R. Co.,* 96 Pac. (Kans.) 42; *Lancaster Co.* v. *Trimble,* 34 Neb. 752, 756; *Springfield* v. *Walker,* 42 Ohio St. 543, 547; *Harris* v. *Stearns,* 17 S. D. 439, 442.

Holding as we do that municipal corporations are within the letter of our garnishment statute (Sec. 2801 R. L. 1915) making "any person" liable as garnishee, we can perceive no sound reason for holding that public policy demands the exemption of such corporations from garnishment. The danger of varying the terms of a statute upon the ground of supposed public policy is pointed out in an able dissenting opinion by Chief Justice Dixon in *Buffham* v. *City of Racine,* 26 Wis. 449, 451, in which case the majority of the court held that a municipal corporation, upon grounds of public policy, is not subject to garnishment. We concur with the views expressed by the learned chief justice and in his reasoning that the statute, being a remedial one, should be liberally construed in favor of the remedy, and the corporation held liable. By chapter 158 R. L. 1915

express authority is given to subject the wages and salaries of officers and employees of a municipal corporation to garnishment. If it be the policy of the Territory, as shown from this act, to make a municipal corporation liable to garnishment upon the debts due its officers and employees, there would seem to be no good reason for holding, in the absence of legislative expression, that it would not be liable to such a proceeding where it owes an ordinary debt to a third person (*Portsmouth Gas Co.* v. *Sanford, supra;* *Mitchell* v. *Miller, supra*). By section 2781 R. L. 1915 it is expressly provided that no writ of attachment shall be issued against the Territory or any political or municipal corporation or subdivision thereof, but no such inhibition appears with respect to the issuance of the garnishment writ against municipal corporations.

Again, in the case at bar it appears from the garnishee's written disclosure that the work under the contract has been completed, and accepted by the city and county, and that nothing remains to be done except to pay over to the defendant, or his creditor under garnishment proceedings, the balance found to be due said defendant and allowed by the board of supervisors. In *Laredo* v. *Nalle, supra,* it is held: "Public policy may demand that a sum set apart for erecting a public building should not be taken during the progress of its construction, for the debt of the person contracting to do the work, for that might prevent its completion; but when the work is finished and the money has been earned, and is standing to the credit of the contractor with the city, it should be subject, like any other property, to the payment of his debts." See also *Pringle* v. *Guild,* 118 Fed. 655; Dillon, Mun. Corp., Sec. 101.

We are of the opinion that the city and county of Honolulu was liable to garnishment and that the judgment appealed from should be affirmed, and it is so ordered.

*C. S. Davis* and *H. L. Grace* for plaintiff.

*A. M. Cristy,* First Deputy City and County Attorney (*A. M. Brown,* City and County Attorney, with him on the brief), for the garnishee.