[Civ. No. 3835. First Appellate District, Division Two.—May 20, 1921.]

## J. W. VAUGHN et al., Appellants, v. GEORGE W. CONDON et al., Defendants; A. E. DAVIES, Respondent.

[1] GARNISHMENT — MUNICIPAL FUNDS. — Garnishment is a statutory remedy and the rule of public policy is that it shall not be applied to funds due from a municipality.

[2] ID.—FAILURE TO OBJECT TO GARNISHMENT—LACK OF WAIVER.— Garnishment of funds due a creditor of a municipal corporation are not waived by failure of the municipality to object thereto, since the exemption is founded upon considerations of public policy and cannot be waived by its officers and agents.

APPEAL from an order of the Superior Court of Los Angeles County dissolving an attachment. Lewis R. Works. Judge. Affirmed.

The facts are stated in the opinion of the court.

Haas & Dunnigan for Appellants.

E. Rosenkranz for Respondent.

LANGDON, P. J.—This is an appeal from an order dissolving an attachment and declaring a garnishment null and void.

Action was commenced by the plaintiff against the defendants to recover five thousand two hundred dollars alleged to be due as rent of premises owned by plaintiffs and which were leased to the defendants. A writ of attachment

---

1.  Garnishment of municipalities, note, 51 **Am. St. Rep.** 114.

was duly issued and copies thereof served upon the city treasurer of the city of Los Angeles and upon the clerk in the street opening department. It appears that the clerk was holding a warrant, payable to the defendants, which was to satisfy a judgment in their favor in a proceeding for opening a street, and that the city treasurer had funds applicable to the payment of such warrant.

The defendants answered the complaint and made a motion for an order declaring the garnishment null and void, upon the ground that it was of funds due from a municipal corporation, and that the purported garnishment did not comply with the requirements of section 710 of the Code of Civil Procedure. The motion was granted and the garnishment declared void.

[1] As a matter of public policy, general provisions making property subject to execution, garnishment, or liens are construed to apply only to property of private persons and corporations, and not to that of public corporations or bodies politic. (*Skelly* v. *School District*, 103 Cal. 652, [37 Pac. 643]; *Ruperich* v. *Baehr*, 142 Cal. 193, [75 Pac. 782].) This rule has been modified in this state in the case of executions by the provisions of section 710 of the Code of Civil Procedure, which prescribes that in order to seize funds due a creditor of a municipal or public corporation, it is necessary to file a duly authenticated transcript of a judgment for money with the auditor of said city. There is no code provision changing the general rule of public policy in cases of garnishment. Garnishment is a statutory remedy, and the rule of public policy is that it shall not be applied to funds due from a municipality.

Appellant argues that as the money was due in a street proceeding, it was not primarily due from the city, but was held by the city as money in trust for the defendants,—and that the general rule with reference to garnishments applies under such circumstances. We see no reason for a different rule in such a case when we consider the reasons for the rule of public policy herein anounced. The reason for that rule is well stated in the case of *Skelly* v. *School District*, *supra*, by the following quotation from an Illinois case: "It must be decided as a question of public policy. These municipal corporations are in the exercise of governmental powers to a very large extent. They control pecuniary in-

terests of great magnitude, and vast numbers of human
beings who are more dependent on the municipality for the
security of life and property, than they are on either the
state or the federal government. To permit the great public
duties of this corporation to be imperfectly performed, in
order that individuals may the better collect their private
debts, would be to pervert the great objects of its creation.
. . . We understand, however, the counsel for the appellant
to concede that money due municipal officers, agents or con-
tractors is not liable to garnishment, but, it is insisted, if
the city had been required to answer, the alleged indebted-
ness in the present case would not have fallen in either
of these classes. But, in our opinion, the city should not be
subjected to this species of litigation, no matter what may
be the character of its indebtedness. If we hold it must
answer in all these cases, and the exemption from liability
be allowed to depend in each case upon the character of the
indebtedness, we still leave it liable to a vast amount of
litigation in which it has no interest, and obliged to spend
the money of the people and the time of its officials in the
management of matters wholly· foreign to the object of its
creation.'' It would seem that these objections to apply-
ing to a municipality the general provisions of the garnish-
ment statutes are equally potent whether the city is the
primary debtor or whether it holds the fund as agent
for the property owners. But however that may be, we
are not called upon to decide that question in the present
case because, so far as the record shows, the money
garnished constituted a direct obligation of the city to the
respondent. The record does not disclose under what au-
thority or circumstances the city of Los Angeles became
indebted to respondent, or the character of that indebted-
ness. The case, therefore, falls within the general rule an-
nounced in the cases hereinbefore cited.

[2] Appellants further contend that the municipality
waived any objection to the garnishment by failing to ob-
ject thereto, and that the creditor cannot urge this exemp-
tion. The rule of law herein applied, being founded upon
considerations of public policy, for the protection of the
best interests of the persons dependent upon the munici-
pality for the security of life and property, we think it
cannot be waived by the officers and agents of the munici-

pality. This was expressly decided in the case of *Porter* v. *Perdue,* 105 Ala. 293, [53 Am. St. Rep. 124, 16 South. 713], in which it was said: "Garnishment is a remedy or process of purely statutory creation and existence. . There is no authority for a resort to it—courts are without jurisdiction to grant and effectuate it—except in cases and against parties which and who are within the terms of the statute. Public corporations, such as towns and cities, are not within the purview of the statute of garnishment in this state. They are held not to be subject to this process, unless included in unequivocal terms by the letter of the statute, on grounds of public policy, and our statute does not so include them. . . . But whether the nonliability of such corporations to this process be put upon the idea of exemption merely from the operation of a statute broad enough to embrace them, or upon the idea that they are not embraced at all in the terms of the statute, is of no practical consequence. If they are not within the statute at all, no court has, nor by consent can acquire, jurisdiction to proceed against them in this way; and if it is a mere matter of exemption, the same public policy which gives life to it is potent also to prevent the officers and agents for the time being of such corporations from waiving the exemption by appearing, without objection, and admitting indebtedness for the corporation."

The order appealed from is affirmed.

Nourse, J., and Sturtevant, J., concurred.