Rusk, Respondent, vs. Bank of La Farge, imp., Appellant.

*December 10, 1924—January 13, 1925.*

*Highways: Lien of laborers and materialmen: How created: How enforced: Prescribed remedy exclusive: Action in equity to impound moneys owing contractor.*

1. In the absence of statute, an action in equity would not lie to impound moneys, owing by a county to road contractors, for the benefit of parties having claims against the contractors for labor performed or materials furnished, the funds not being subject to garnishment.    p. 458.

Rusk v. Bank of La Farge, 185 Wis. 454.

2. An allegation in the complaint that the defaulting contractor disputed the claim is unnecessary to establish a "dispute," within the meaning of sub. 3, sec. 3347dd, Stats., as to the time for bringing an action for the amount withheld by the county under sub. 1, the necessity of an action and the fact that the claim is not admitted showing a dispute.   p. 458.  .

3. To assert the right under sec. 3347dd, Stats., relative to a lien upon money or property owing to contractors on public work, the claimant must proceed in the statutory manner within three months after service of notice, as provided by sub. 3; a new right, for the enforcement of which the remedy specified is exclusive, being created.   p. 458.

4. Such an action must be begun in the circuit court of the proper county, as specifically prescribed by the statute, notwithstanding special statutes conferring jurisdiction on municipal and other inferior courts.   p. 459.

APPEAL from an order of the county court of Monroe county: R. A. RICHARDS, Judge. *Reversed.*

Demurrer. This action was brought for the purpose of impounding certain funds in the hands of Monroe county for the benefit of *R. A. Rusk* and others similarly situated, due and owing from Perry and Stoikes, contractors. The contents of the complaint may be briefly stated as follows: That Perry and Stoikes, copartners, were engaged in improving a certain highway in Monroe county and a contract was entered into by the defendants on the one hand and Monroe county and the state of Wisconsin on the other; that the plaintiff was employed upon this public improvement between January 1, 1923, and October 1, 1923, and that there is due him for work $82.10; that on or about the 1st day of October, 1923, the plaintiff notified the officials of Monroe county of his claim and that a lien was claimed upon the amount remaining unpaid by the county to the defendants Perry and Stoikes. The complaint also sets out a list of other persons to whom Perry and Stoikes are also indebted for labor and a list of persons to whom Perry and Stoikes are indebted for material furnished in and about said work. The amount of labor claims is $1,460.19 and the amount of material claims is $1,452.90.

It is alleged upon information and belief that Monroe county has in its possession $3,000 which still remains unpaid upon the contract to the defendants Perry and Stoikes. It is also alleged that all of the defendants having claims for work and labor or material furnished have duly notified the officials of Monroe county of the amount due each of them. It is further alleged that the defendants who have claims for labor or material are made defendants for the reason that they have not requested to become plaintiffs.    It is further alleged that a number of persons specified hold claims against the contractors, who have either filed a claim or made some claim to the funds in the hands of Monroe county, but that plaintiff has not sufficient information in respect to these claims upon which to found a belief and puts the said defendants upon proof of their claims.    In this latter list is included the defendant *Bank of La Farge.* The complaint also alleges certain assignments made by some of the defendants to other defendants.    To this complaint the defendant bank demurs on three grounds: (1) that the court has no jurisdiction of the subject of the action; (2) that the complaint does not state facts sufficient to constitute a cause of action; and (3) that the action was not commenced within the time limited by law, to wit, within the time limited by sub. 3 of sec. 3347*dd,* Stats.    Defendant's demurrer was overruled, and from the order overruling it the defendant bank appeals.

For the appellant the cause was submitted on the brief of *C. W. Graves* and *Martin Gulbrandson,* both of Viroqua.

For the respondent there was a brief by *T. P. Abel* of Sparta, attorney, and *Naylor & McCaul* of Tomah, of counsel, and oral argument by *W. R. McCaul.*

ROSENBERRY, J.    The plaintiff's theory of this case seems to be that having served a notice as required by sec. 3347*dd,* Stats., thereby bringing into existence certain rights against the funds remaining in the hands of Monroe county, this

proceeding is an action in equity, under the general equity jurisdiction of the court, for the purpose of having the rights of the parties to the fund in question determined and adjudged. The defendant bank, on the other hand, contends that it is an equitable action brought pursuant to the provisions of sec. 3347*dd* and not under the general equity jurisdiction of the court, and that it cannot therefore be maintained unless the conditions of the statute have been complied with. Sec. 3347*dd* is set out in the margin.[1]

[1]*Materials to contractors on public improvements.* Section 3347*dd*. 1. Any person, firm or corporation furnishing any material, apparatus, fixtures, machinery or labor to any contractor for public improvements in this state, except in cities of the first class, however organized, shall have a lien on the money, or bonds, or warrants due or to become due such contractor for such improvements; providing, such person, firm or corporation shall, before the payment is made to such contractor, notify the officials of the state, county, township, city, or municipality, whose duty it is to pay such contractor, of his claim by written notice. It shall be the duty of such officer so notified to withhold a sufficient amount to pay such claim until it is admitted or established as provided in subsection 3 of this section and thereupon to pay the amount thereof to such person and such payment shall be a credit on the contract price to be paid such contractor. Any officer violating the duty hereby imposed upon him shall be liable on his official bond to the person serving such notice for the damages resulting from such violation which may be recovered in an action at law in any court of competent jurisdiction. There shall be no preference between the persons serving such notice, but all shall be paid *pro rata* in proportion to the amount under their respective contracts.

2. Whenever practicable, service of the notice provided for in subsection 1 shall be made both upon the clerk and treasurer of the municipality. In case any portion of the money due the contractor is payable by the state of Wisconsin notice of aforesaid may be served by registered mail upon the state highway commission.

3. In any case where the contractor shall dispute the claim of the laborers or materialmen the right to a lien and to the moneys in the hands of the officer shall be determined by equitable action in the circuit court of the proper county; provided, that such action must be brought within three months from the time of serving the notice or notices required by subsection 1 of this section, and notice of bringing such action filed with the officers with whom the claim is filed, otherwise such rights shall be barred. No claim heretofore filed under this section shall be valid after December 31, 1923, unless an action has been brought and notice of bringing such action filed as required by this subsection.

It is apparent that in the absence of the statute the plaintiff would have no standing in a court of equity, for there would be no basis upon which he might claim any interest in the fund remaining in the hands of Monroe county. The funds were not subject to garnishment. *Buffham v. Racine,* 26 Wis. 449; *Burnham v. Fond du Lac,* 15 Wis. 193; *Merrell v. Campbell,* 49 Wis. 535, 5 N. W. 912.

On behalf of the plaintiff it is contended that there being no allegation in the complaint that the contractor disputed the claims of the laborers or materialmen, sub. 3 of the section does not apply. This is too literal a reading of the statute. By sub. 1 it is provided:

"It shall be the duty of such officer so notified to withhold a sufficient amount to pay such claim until it is admitted or established as provided in subsection 3 of this section and thereupon to pay the amount," etc.

The fact that it is necessary to bring the action shows that there is a "dispute" within the meaning of sub. 3. Certain it is that the claim is not admitted, and the only other alternative under the statute is a dispute. The doctrine of *Saxville v. Bartlett,* 126 Wis. 655, 105 N. W. 1052, applies here. A new right was created and the means by which it should be enforced were specified. These are exclusive, and in order to entitle the plaintiff to assert his statutory right he must proceed in the statutory manner within the time therein limited. It appears that this action was brought by service of summons and complaint on March 7, 1924, which is more than three months after service of the notice and is therefore not within the time limited by law. For many years, as declared in the cases cited, it was considered contrary to sound public policy to permit funds of a municipal corporation to be impounded for the benefit of private parties. A departure from this policy as provided by sec. 3347*dd* was carefully limited, and claimants were required speedily to bring an action in order that the whole matter might be determined. There are therefore special

reasons in this case for applying the rule that where a new right is created and a remedy given, that remedy is exclusive.

It is also considered that the provision of sec. 3347*dd* requiring such actions to be begun in the circuit court of the proper county is exclusive and is not modified by the language of special statutes conferring jurisdiction upon municipal and other inferior courts. The circuit court is a court of broad, general jurisdiction. Many of the municipal and county courts exercising civil jurisdiction have a very limited jurisdiction. Cases might readily arise in which the court might be embarrassed in determining the rights of all parties. To avoid that and secure a speedy determination, the circuit court was specifically designated. We are therefore of the opinion that the statute means what it says,— that actions to enforce rights arising under sec. 3347*dd* should be begun in the circuit court of the proper county. For the reasons stated, the court should have sustained the demurrer of the defendant *Bank of La Farge*.

*By the Court.*—The order appealed from is reversed, with directions to the lower court to sustain the defendant's demurrer and for further proceedings according to law.