[Civil No. 2865.   Filed June 7, 1930.]

[288 Pac. 1024.]

PACKARD PHOENIX MOTOR COMPANY, a Corporation, Appellant, v. AMERICAN–LaFRANCE AND FOAMITE CORPORATION (PACIFIC), a Corporation, Appellee.

Mr. Harlow H. Akers, for Appellant.

Mr. Leon S. Jacobs, for Appellee.

ROSS, J.—This suit was brought by the Packard Phoenix Motor Company against the American-La-France and Foamite Corporation (Pacific) to recover the sum of $2,100 brokerage commissions alleged to

have been earned in negotiating a sale for defendant of a fire truck and equipment to the city of Phoenix. Coincident with bringing the suit plaintiff caused to be issued and served upon the city of Phoenix a writ of garnishment. The garnishee's answer, filed March 14, 1929, admitted an indebtedness to the defendant of $9,750. On March 28th one B. L. Rudderow, a taxpayer of the city, petitioned the court for leave to intervene, and, such leave being granted, he moved that the writ of garnishment be quashed, alleging as grounds therefor: (1) That the garnishee was not on the date of the service of the writ indebted to the defendant in the sum of $9,750, or in any sum whatever, and (2) that the garnishee, being a municipal corporation, could not under the law be subjected to garnishment. On April 30, 1929, the defendant filed its appearance for the sole and only purpose of objecting to the jurisdiction of the court, and alleged: (1) That it was a foreign corporation and that only constructive service had been had on it, and (2) that the city was not liable to garnishment process, and that such exemption from process was not a personal privilege which could be waived by the city. The objections to the jurisdiction of the court were sustained. Plaintiff appeals.

Section 3793 of the Revised Code of 1928 provides that any person interested in the subject matter of an action, which interest might be affected by a judgment therein, may intervene. The plaintiff contends the intervener showed no interest in the subject matter of the action and should not have been permitted to intervene. We cannot see how an ordinary taxpayer of the city would be affected by the city's paying a portion of the price of the fire truck to plaintiff rather than paying it all to the defendant. The burden on him as a taxpayer would be the same. It seems to us the interest he should have should be more than a desire to have the city pay its debt di-

rectly to the creditor, and that he should be unconcerned if the debt is paid in part or wholly to a legally substituted creditor or assign. He did not charge the city officers, who filed the answer admitting the city owed defendant, with fraud, or that the city had not bought and agreed to pay for the truck, or that the city was not then in possession of the truck, or that it had not accepted the truck. We think a petition of intervention alleging simply that the city, contrary to its admission in answer, was not indebted to the defendant in any sum is insufficient to raise an issue. The solemn admission of the city through its properly constituted officers that it was indebted to defendant in the sum of $9,750 should be accepted as true as against the mere denial thereof by the intervener.

Constructive service on defendant was good to the extent of any lien established against the garnished property. No personal judgment could be entered against defendant on such service, but the property garnished, or so much thereof as was necessary, could be taken in satisfaction of plaintiff's demand. *Hook* v. *Hoffman*, 16 Ariz. 540, 147 Pac. 722.

But the foregoing questions are not the vital ones, or the ones chiefly urged, and perhaps were not in the court's mind when it ruled that it was without jurisdiction. The vital question, and the one upon which the court's ruling was doubtless based, is whether the municipality of Phoenix could be sued as a garnishee. It is the contention of defendant that it could not, and of plaintiff that it could. If the legislature had seen fit to make municipal corporations amenable to garnishment process by direct expression it could without question have done so. But the legislature has not, in so many words, provided that a municipal corporation may be garnished in this kind of a case. The law's provisions (section 4258, Rev. Code 1928) as to the property that is subject to

garnishment are general in their purport and nature, and many of the courts have construed like statutes as limiting the garnishment process to property of private persons and corporations, and as not extending to property in the hands of public corporations or bodies politic. *Vaughn* v. *Condon,* 52 Cal. App. 713, 199 Pac. 545; *Hoyt* v. *Paysee,* (Nev.) 60 A. L. R. 819, 269 Pac 607; 1 Dillon on Municipal Corporations, 5th ed., § 249. Judge DILLON, in his excellent work at section 249, after stating the general rule to be that municipal corporations and their officers are exempt from garnishment upon the grounds of public policy, adds:

"The author's view, where the question is left entirely open by statute, is, that, on principle, a municipal corporation is exempt from liability of this character with respect to its revenues, the salaries of its officers, and perhaps also the wages of its employees, or payments to be made under pending contracts for public works and the like, but that where it owes an ordinary debt to a third person not in its service, the mere inconvenience of having to answer as garnishee furnishes no sufficient reason for withdrawing it from the reach of the remedies which the law gives to creditors of natural persons and of private corporations. The rule that a municipal corporation is *subject to garnishment* is supported by a respectable body of authority."

In support of his conclusion the author cites cases from Connecticut, Kentucky, Massachusetts, Montana, New Hampshire, New Jersey, Ohio, Rhode Island, Texas and Virginia. Our garnishment statute is taken from Texas (section 363, Rev. Stats. 1901; paragraph 1427, Rev. Stats. 1913, Civ. Code; section 4258, Rev. Code 1928, Ariz.; article 271, Vernon's Sayles' Texas Civ. Stats., 1914). In the early case of *City of Laredo* v. *Nalle,* 65 Tex. 359, the balance owing to a contractor, who had built for the city a city hall and market house, was garnished in the hands of the

city by a creditor of the contractor, and the process was sustained. The court adopted the views expressed by Judge DILLON and made this very just observation:

"Public policy may demand that a fund set apart for erecting a public building, should not be taken for the debt of the person contracting to do the work during the progress of its construction, for this may prevent its completion. But when the work is finished and the money earned, and standing to the credit of the contractor with the city, it should be subject like any other property to the payment of his debts. No one should be allowed to place his property beyond the reach of his creditors by keeping it in the possession of a municipal corporation."

In *Morgan* v. *City of Beaumont,* (Tex. Civ. App.) 157 S. W. 207, the court of civil appeals took occasion to quote and approve Judge DILLON'S views as sound.

In *Riggin* v. *Hilliard,* 56 Ark. 476, 35 Am. St. Rep. 113, 20 S. W. 402, it appeared that Hilliard had made a contract to repair and reconstruct a courthouse. The work had been completed under the contract, and a fixed amount was due Hilliard as contractor under it. Nothing remained to be done except to pay him the amount due under the contract, and there was no dispute as to the amount due. Hence the court said that there was no longer any public interest to be subserved by withholding payment from the contractor, and no reason for withholding the debt from the reach of the remedy of equitable garnishment.

A like holding was made in *Plummer* v. *School Dist.,* 90 Ark. 236, 134 Am. St. Rep. 28, 17 Ann. Cas. 508, 118 S. W. 1011, it appearing that the contractor had completed his contract to build a schoolhouse, and that a fixed and definite sum was due him from the school district, and nothing remained to be done except to pay the contractor the amount due.

*Portsmouth Gas Co.* v. *Sanford,* 97 Va. 124, 75 Am. St. Rep. 778, 45 L. R. A. 246, 33 S. E. 516, 517, announced the rule that "where the question is left entirely open by statute, on principle a municipal corporation is exempt from liability of this character with respect to its revenues and the salaries of its officers, but that, where it owes an ordinary debt to a third person, the mere inconvenience of having to answer as garnishee furnishes no sufficient reason for withdrawing it from the reach of the remedies which the law gives creditors of natural persons and private corporations."

It was also said in the above case that, since the legislature had enacted a law expressly authorizing garnishment proceedings against municipal corporations, to subject wages and salaries of officers and employees thereof to the payment of their debts "there would seem to be no good reason for holding that it should not be liable to proceeding where it owes an ordinary debt to a third person, unless a contrary rule has been established in this state."

Chapter 50, Session Laws of Arizona, 1929, provides that the salaries of state officers, deputies, clerks and employees of the state, or any of its political subdivisions shall be subject to garnishment. We cite this simply to show what the declared policy of the state is, as announced by the only body capable of speaking on the subject. Whether this provision is valid or not it at least indicates an intention on the part of the legislature to remove any and all legal obstructions in the way of compelling its public servants to pay their debts and makes it the duty of the financial officers of the state and its political subdivisions to assist the creditor to that end.

In *Teves* v. *Reade,* 23 Hawaii 564, upon a like state of facts as we have here, the court had this to say:

"If it be the policy of the Territory, as shown from this act [garnishment], to make a municipal corpora-

tion liable to garnishment upon the debts due its officers and employees, there would seem to be no good reason for holding in the absence of legislative expression, that it would not be liable to such a proceeding where it owes an ordinary debt to a third person."

While our garnishment statutes do not expressly name municipal corporations as garnishable parties, neither do they excuse nor exempt them from such process. The garnishment process is statutory. It is remedial in its nature. Its purpose is to make the funds and assets of debtors, when in the possession of others, available to creditors. The possessor, whether a debtor, or a mere trustee, or a custodian of the funds, occupies a position of indifference as to whom it shall be paid, so long as he is discharged of further liability. The policy of the law is not only to furnish redress, but ample redress wherever possible. It does not say that if a debtor's funds consist of demands against a municipality they are immune from garnishment or from being taken to pay his debt, and they are not exempt except as so made for the support of himself and family. The charter of the City of Phoenix provides that "it may sue and be sued, . . . in all actions and proceedings whatsoever," Section 1, chap. II. A garnishment proceeding certainly falls within the terms of this charter provision.

We think this case is within the rule so often announced. The fund involved is an ordinary debt owing by the city to a third person. It is for a definite sum, and nothing remains to be done except to pay the amount. The city by its charter has assumed the "inconvenience of having to answer as garnishee" (Dillon, § 249, *supra*). In such circumstances no reason exists for withdrawing it from the reach of the remedies which the law gives creditors of natural persons and private corporations.

The judgment is reversed and the cause remanded, with directions that further proceedings be had in accordance herewith.

LOCKWOOD, C. J., and McALISTER, J., concur.