HOXIE LUMBER COMPANY v. CHIDISTER.

Opinion delivered November 9, 1931.

*Richardson & Richardson,* for appellant.

*W. P. Smith* and *O. C. Blackford,* for appellee.

SMITH, J. Appellant, Hoxie Lumber Company, filed a complaint in which it alleged that it had sold to W. H. Chidister certain material to be used by the latter in construction work which he had contracted to perform for the Clover Bend School District of Lawrence County.

Chidister made default in paying for the material, and this suit was brought to enforce payment, and a writ of garnishment was served upon the school district.

In response to the interrogatories propounded to it, the school district filed a response and answer, in which the execution of the contract with Chidister was admitted, but it was stated that while Chidister commenced the work, he never completed it, but abandoned his contract, and that the work done was without value to the school district. The necessary effect of the answer of the school district was to deny that it was indebted to Chidister in any sum, and it did expressly deny that the work had been completed.

No response to this answer was filed, and no testimony was offered when the motion to quash the garnishment was submitted to and heard by the court.

The decree of the court recites that the cause was submitted and heard upon the pleadings, and it was ordered that the garnishment be quashed, and this appeal is from that decree.

The decree of the court was correct. It was held in the case of *Plummer* v. *School District No. 1 of Marianna,* 90 Ark. 236, 118 S. W. 1011, 134 Am. St. Rep. 28, 17 Ann. Cas. 508, that where a school building had been completed the creditors of the contractor doing the work may sue him in equity and impound any balance due him by the school district after the building contract had been completed, but not before. In so holding the court quoted from the case of *Boone County* v. *Keck,* 31 Ark. 387, as follows: ''Public policy, indeed public necessity, requires that the means of public corporations, which are created for public purposes with powers to be exercised for the public good, which can contract alone for the public, and whose only means of payment of the debts contracted is drawn from the corporators by a special levy for that purpose, should not be diverted from the purposes for which it was collected, to satisfy the demands of others than the parties contracted with.''

614

Here we have an answer of the garnishee school district to the effect that the work was never completed but was abandoned by the contractor, and that the work done was without value to the school district and, consequently, nothing was due for it.

This answer, whether true or false, was not denied as required by § 4912, Crawford & Moses' Digest, where the creditor wishes to make an issue as to the truth of the answer to the interrogatories which the garnishee has filed.

The practice in such cases was defined by Mr. Justice FRAUENTHAL in the case of *Beasley* v. *Haney,* 96 Ark. 568, 132 S. W. 646, where it was said: "After the garnishee has filed his answer, the plaintiff must either except to or deny the allegations thereof. The answer of the garnishee is taken as *prima facie* true of the allegations it contains; and if it is not contradicted, or if issue is not taken thereon, it will be presumed to be absolutely true. (Citing authorities.)"

Here, there being no denial of the truth of the garnishee's answer, the garnishment was properly dismissed. The decree of the court below is therefore correct, and must be affirmed.

KIRBY, J., dissents.