BRAY and others *against* The town of WALLINGFORD.

A debt due to a territorial corporation in this state, capable of contracting debts and liable to be sued for them, may be secured, by the process of foreign attachment.

The principles of justice and equity require, that the property of a person, which consists of debts due to him, should, equally with his other property, be rendered available to his creditors; and the object of this process is, to give effect to such principles.

THIS was a *scire-facias* in the process of foreign attachment, to secure and recover a debt due to the plaintiffs from *Dwight Hall,* for which they had obtained a judgment against him.

The defendant demurred to the declaration; and the questions of law arising on the demurrer, were reserved for the advice of this court.

*Blackman,* in support of the demurrer, contended, That the process of foreign attachment cannot be sustained against a town in this state.

Towns, as well as " public officers, having money in their hands, to which certain individuals are entitled, are not liable to the creditors of those individuals, in the process of foreign attachment." *Stillman* v. *Isham,* 11 *Conn. R.* 124.

Although it may be true, that a pecuniary corporation is liable to the process of foreign attachment, on the other hand

"it has often been decided, that officers in the execution of public duties, are not to be embarrassed and perplexed with this process." *Ward* v. *County of Hartford*, 12 *Conn. R.* 409. See other remarks of Ch. J. *Williams*, in giving the opinion of the court in that case.

In the case of *Stillman* v. *Johnson*, 11 *Conn. R.* 127. the same learned judge says, " while the court are desirous to continue the liberal construction which has been given to the statute authorizing this process, they must not extend it to cases not within its spirit, by which others, who are in the execution of public trusts, would be subjected to serious inconvenience." This principle is advanced, by *Ellsworth* and *Perkins, arguendo*, in *Knox* v. *Protection Ins. Co.*, 9 *Conn. R.* 431.

The pervading principle in all the cases, is, that public officers, who are bound to transact the public business, by certain rules, and in certain forms, shall not be exposed to the expense, the inconvenience and hazard incident to this process." 11 *Conn. R.* 127.

It would be intolerable to subject town treasurers, and treasurers of school districts, and of other territorial corporations, to the vexations, delays, and expenses, of settling their accounts, by this thankless process, which awards no costs to the garnishee, if he is found indebted. (*Rev. Stat.* 116. 117. 118. 119.) And, if he neglects or refuses to disclose, being summoned, subjects him to the payment of costs, upon *scire-facias*, though it shall appear he was not indebted. *Rev. Stat.* 119, 120.

*C. A. Ingersoll*, after remarking, that the statute relating to foreign attachments, (see *Stat.* 115.) provides, that when debts are due from any person to a debtor, such debts may be attached, (*Stat.* 115.) contended, 1. That a corporation is a " person within the meaning of the statute." *Knox* v. *Protec. Ins. Co.* 9 *Conn. R.* 430.

2. That under this statute, when a debt is voluntarily contracted, by an individual or corporation, and is due from such individual or corporation, and is of such a character that such individual or corporation can be sued for it, by the creditor of such individual or corporation ; that in such a case, the debt can be attached, by the process of foreign attachment. And

*New-Haven,*
*July, 1850.*

Bray
*v.*
Wallingford.

it makes no difference, whether such corporation be a bank, insurance company, borough, town, or any other kind of corporation. If there is a debt due, which has been voluntarily contracted, the process of foreign attachment can be sustained. *Knox* v. *Protect. Ins. Co.,* 9 *Conn. R.* 430. *Van Buskirk* v. *Hartford Fire Ins. Co.,* 14 *Conn. R.* 141. 10 *N. Hamp. R.* 96. 13 *N. Hamp. R.* 502. 5 *Barr,* (*Penn.*) 115.

STORRS, J. The only question presented in this case, is, whether a town is subject to the process of foreign attachment, in a suit brought against its creditor.

There is no doubt that the word *"person,"* used in the general statute on this subject, where it provides, that " debts due from any person to a debtor," may be secured in his hands, by that process, to pay such judgment as the plaintiff shall recover against such debtor, is sufficiently comprehensive to embrace, not only a natural person, but also a corporation. This point was determined in *Knox* v. *The Protect. Ins. Co.,* 9 *Conn. R.* 430. Although it was there only necessary to decide, whether the statute applied to pecuniary corporations, we discover no reason why it is not also applicable to territorial corporations, such as towns, &c., which have the power to make contracts, and are liable to actions for debts due by them. They are indeed a different species of corporations, and instituted for different purposes from ordinary pecuniary corporations ; yet in regard to the question, whether their artificial character should exclude them, being embraced within a term in a statute of this description, the object of which was, to designate debtors generally, and to appropriate what they owe to the benefit of the creditors of those to whom they are indebted, there does not appear to be any sensible reason why they should not be included in such term equally with corporations of any other kind. They are also clearly within the spirit and object of the statute, unless indeed it can be shown, that there would be such special inconveniences attending an application of it to them, as to show that they were not intended, by the legislature, to be embraced in it. The general principles of justice and equity, which require that that particular species of property owned by a person, which consists of debts due to him, should, equally with his other property, be rendered available to his creditors, and which

induced the legislature to make them so, obviously apply as fully to debts due to him from municipal or territorial, as from other corporations, or from natural persons. And at the present time especially, when corporations of that description, particularly our cities, are becoming great money borrowers, and that with the express sanction of our legislature, it would be gross injustice, and a great grievance to those to whom their creditors are indebted, if there was no mode, by which they could reach, by legal process, the indebtedness due by such corporations. The general policy of our laws is to subject all the property of debtors to the payment of their debts; and we may fairly infer, that even a doubt in the minds of the legislature, whether debts due from these bodies, could be legally appropriated to the benefit of the creditors of those to whom they are due, would have constituted an insuperable objection against extending to such corporations, as liberally as has been done, the power of contracting debts. Especially may we so infer, when we see that it has become the policy of the legislature to enlarge, rather than restrict, the benefit of the foreign attachment laws; they having been recently extended expressly, for the first time, to legacies and distributive shares due from the estates of deceased persons in the hands of executors and administrators, which, it had been decided, by this court, could not be attached under the foreign attachment law, as it was originally passed; and the adoption of this just and equitable policy is entitled to no little weight with us, in giving a construction to the statutes on this subject. It is therefore incumbent on the defendants to show, that some special inconvenience would attend an application of these laws to those various municipal or territorial corporations, which may contract and be sued for debts, which would render it unfit or improper to extend them to these bodies. In this, we think, that the defendants have failed. In *Ward* v. *The County of Hartford*, adduced by the defendants, we held, that a county could not contract a debt for which an action would lie against it; and therefore, that there was no legal liability in that case to the defendant, in the original suit, which could be attached under the foreign attachment law, or in that manner appropriated to his creditor; a reason which does not apply to our towns, cities or boroughs, or to any of those territorial corporations, which may incur, and be sued

*New-Haven,*
July, 1850.

Bray
*v.*
Wallingford.

*New-Haven,*
*July, 1850.*

*Bray*
*v.*
*Wallingford.*

for, debts. The defendants, therefore, derive no aid from that decision.

The delays and embarrassments which might be experienced, by these bodies, in the adjustment and settlement of their accounts, if they are subject to this process, have been urged as a reason why they should be exempted from it. It was on this ground, that it was decided, that a legacy or distributive share, in the hands of an executor or administrator, was not subject to a foreign attachment. *(a)* The legislature, however, did not consider that an insuperable objection, and extended this process to them. We perceive no inconvenience to these corporations, in this respect, which does not equally apply to other corporations and natural persons; and this argument would seem to apply, much more strongly, to executors or administrators, than to either of these.

Nor do we perceive the force of the objection, grounded on the supposed impracticability or difficulty of obtaining a disclosure from territorial corporations. Such disclosure may readily and easily be made, through their proper officers, in the same manner as in the case of other corporations, and with no greater inconvenience.

We advise, therefore, that judgment be rendered for the plaintiffs.

In this opinion the other Judges concurred.

*Demurrer overruled.*

*(a)* See *Winchell* v. *Allen*, 1 *Conn. R.* 385. *Stanton*, adm'x. v. *Holmes*, 4 *Day*, 87.