GEORGE FLAGG AND OTHERS *vs.* JONAH PLATT.

Where a debt is owed by a copartnership only one member of which resides in this state, it may be attached by process of foreign attachment by leaving a copy of the writ with the resident member.

And the demand on the execution, which the statute requires to be made on the garnishee, will be sufficient if made only on such resident member.

And a scire facias against the copartnership, founded upon such process, will be sufficiently served by a service on such resident member.

WRIT OF ERROR, brought to the superior court to reverse a judgment in a scire facias rendered by a justice of the peace against the plaintiffs in error as garnishees. Judgment affirmed by the superior court, (*Pardee, J.,*) and motion in error by the plaintiffs. The case is sufficiently stated in the opinion.

*Doolittle* and *Bronson,* for the plaintiffs in error.

*H. C. Platt,* with whom was *L. G. Peck,* for the defendant in error.

PARK, J. This court has repeatedly decided that it is the policy of our law to subject all the property of a debtor, not exempt from execution, to the payment of his debts. Abundant evidence of the correctness of these decisions can be found in a careful examination of the statutes upon the subject. These statutes have been enacted from time to time, and courts of justice have liberally construed them in favor of creditors. Many cases have arisen under the general statute of foreign attachment, and this court has repeatedly extended its provisions beyond the letter of the law, to cases manifestly within its spirit. *Knox* v. *Protection Ins. Co.*, 9 Conn., 430; *Bray* v. *Wallingford*, 20 id., 416; *New Haven Saw Mill Co.* v. *Fowler*, 28 id., 103.

The principal question in the case under consideration arises under this statute, and is in regard to the service of the original process of foreign attachment upon the garnishee.

The plaintiffs in error contend that no service was made upon Flagg, Baldwin & Co., because a copy of the original process was not left with each of the members of the firm. If the service was insufficient in this particular, it is clear that the debt could not have been attached, for no further service could have been made. But one of the members of the firm resided within the state, and the other members were in fact beyond the jurisdiction. Was the debt attached? We think it was, and that the case comes within the general statute upon the subject. The statute declares that " where debts are due from any person to a debtor any creditor may bring his action against such debtor and insert in his writ a direction to the officer to leave a true and attested copy thereof with such debtor of the defendant, and from the time of leaving such copy any debt due from such debtor to the defendant shall be secured in his hands to pay such judgment as the plaintiff shall recover, and may not otherwise be disposed of." The statute evidently intends to render all debts liable to attachment, where the relation of debtor and creditor exists, and certainly its language is comprehensive enough to embrace all. Can any good reason be given why a debt, like the one under consideration, should be excluded from its operation? Flagg, Baldwin & Co. owed the defendant in the process of garnishment precisely as they would have done if all the members of the firm had resided within the state. The case clearly comes within the language of the statute, and is certainly embraced by its spirit, and the clause therefore in relation to the service of the process should be regarded as co-extensive with the other provisions of the statute.

Again, if Flagg, Baldwin & Co. had been sued by the defendant in the process of garnishment, for the debt attempted to be secured, similar service would have been sufficient to bring them into court to respond to the action, (Rev. Stat., tit. 1, § 21,) and strangely defective must be the law, if more extensive service is required to attach a debt in the hands of a party than would be required to bring that party into court, especially when in the attachment of a debt but little more is required, and but little more can be accomplished, than giving

notice to the party of the object for which a copy is left in service. Judge Waite, in giving the opinion of the court in the case of *Treadway* v. *Andrews*, 20 Conn., 385, says:— " Enough is stated to enable the officer to understand the duty he is required to perform and give notice to the garnishee of the purpose for which a copy is left with him." And again he says :—" But if, as we have already said, such an averment is to be treated as notice to the garnishees," &c. We are satisfied that no error was committed by the superior court in holding that the service was sufficient.

We do not wish to be understood as deciding that it is unnecessary to leave a copy with more than one member of a firm, if more members than one reside within the state. We simply decide the case before us.

These considerations apply with equal force to the question whether the demand made of the garnishees upon the execution was sufficient. It would seem to follow as a necessary consequence, if the service was sufficient to secure the debt, that the demand made upon the same party on the execution would likewise be sufficient, and so too a refusal to pay by the same party. We are satisfied that there was no error committed on these questions.

The plaintiffs in error further claim that there was no service of the process of scire facias—that the statute (Rev. Stat., tit. 1, § 21,) does not apply to the case. Flagg, Baldwin & Co. were joint contractors with the defendant in the original process of garnishment, and the plaintiff in that process by the attachment of the debt acquired all the right that the defendant in that process possessed in relation to the debt. We are satisfied that the case comes within the section of the statute above referred to.

The plaintiffs in error further claim that certain costs were taxed by the justice of the peace in the process of scire facias that were illegal. But these costs were upon a motion, after the judgment was rendered, to open the case, which motion was denied, and they were not included in the judgment, on which execution had already issued, and of course could not affect it. The mere fact that they appear upon the same piece

of paper on which the record of the court was made, is of no importance. They form no part of the record in the case.

There is no error in the judgment complained of, and it is affirmed.

In this opinion the other judges concurred.