## THE PRUDENTIAL MORTGAGE AND INVESTMENT CO.
### vs.
## CITY OF NEW BRITAIN

Superior Court      Hartford County      File #55462

Present:   Hon. FRANK P. McEVOY, Judge.

Walter E. Hanson,          Attorney for the Plaintiff.

George J. Coyle,          Attorney for the Defendant.

**MEMORANDUM FILED APRIL 21, 1937.**          123 Conn. 390

McEVOY, J.   This is an action of scire facias against the City of New Britain.

The plaintiff brought an action against the individual, who is the Mayor of the City of New Britain, by writ and complaint containing the usual garnishment clause which was duly served on the Mayor, as a personal defendant, and on the present defendant as garnishee.

After further orders of attachment were granted, judgment was obtained against the Mayor; execution was taken out and demand was made upon the garnishee, the present defendant.

The garnishee refused to comply with the demand for payment and thereafter the present action was instituted.

In the present action the defendant city set up a special defense in two paragraphs as follows:

"1.   On April 14th, 1936, George A. Quigley was duly elected to the office of Mayor of the City of New Britain, and took the oath of said office and assumed the duties of said office of Mayor on April 22nd, 1936, and from that date to the present time has been and is the Mayor of said City.

2.   Any sums of money that the said George A. Quigley may have been entitled to as Mayor of the City of New Britain, were not and are not subject to foreign attachment."

To this special defense the plaintiff demurred in the following language:

"The Plaintiff demurs to that portion of the Defendant's answer entitled "By Way of Special Defense" because the same is insufficient in law and as reasons therefore asserts:

"1.   The salary of the Mayor of the City of New Britain was and is properly subject to the processes of foreign attachment and scire facias.

"2.   It is admitted for the purposes of said special defense, because it is not denied, that the Defendant was indebted to the judgment debtor, said George A. Quigley, for various sums and at the various times stated in said complaint.

"3. It is admitted for the purposes of said special defense, because it is not denied, that the garnishee, the City of New Britain, the present Defendant, was and is a municipal corporation of the State of Connecticut; and as such it is subject to the processes of foreign attachment and scire facias."

While it was not alleged in the special defense that the sums which the plaintiff attempted to garnishee were installments of salary due to the Mayor, as such, yet it was conceded by the plaintiff upon argument and in the brief that such is the fact and that the said sums are installments of salary due to the Mayor, as such, from the defendant.

Upon argument and in the brief two broad questions were discussed and the demurrer was treated as tendering two questions of law for discussion:—

FIRST, is the City of New Britain subject to the process of foreign attachment?

SECOND, if it is, is the salary earned and owing to the Mayor such an asset of the Mayor's as may be reached by creditor's process?

## AS TO THE FIRST QUESTION.

While there was formerly a theory that a municipality might not be—or rather, perhaps, should not be—subjected to foreign attachment, yet the law now seems to be settled that the municipality may be so subjected and the more recent cases seem to follow the reasoning to that effect in **Bray vs. Town of Wallingford, 20 Conn., 416.**

## AS TO THE SECOND QUESTION.

"He was performing a duty which he owed to the State, and the salary which was attached to the office was not given in payment for his services, but, . . . . to enable him to perform his statutory duty as one of the public functionaries of the State exercising a portion of its sovereign powers."

**Sibley vs. State, 89 Conn., 682 at 687.**

"The office is a trust and not an employment; the salary attached is for the maintenance of the office and not a payment for the incumbent's services."

**id. Page 688.**

"A conflict of authority exists as to the right of creditors to reach by garnishment the salaries of public officials."

**12 R.C.L. Page 802, Section 32.**

Various reasons are given for the exemption of such sums, however they may be termed, from garnishment.

"One reason suggested for this holding is that a municipal corporation exists simply for the public welfare and cannot be required to consume the time of its officers or the money in its treasury in defending suits in order that one private individual may the better collect a demand due from another."

**12 R.C.L., Page 803, Section 32.**

This reason was urged over a great many years in Connecticut but it finally seemed to be more in accordance with public policy to permit debts—as such—to be collected, even though the collection did involve inconvenience and embarrassment or annoyance to the officials who, as such, were named as garnishees.

"A better reason seems to be that the salary of a public officer is a provision made by law for his maintenance and support during his term, to the end that, without anxiety concerning his means of subsistence, he may be able to devote himself entirely to the duties of his office, and the public thus have the full benefit of his knowledge and ability in the services he is selected to render, and that if he could be deprived of his means of support by the garnishment of his salary, presumptively his efficiency as an officer would be impaired, if not destroyed, and the public interests would suffer serious detriment."

**12 R.C.L., Page 803, Section 32.**

"Generally, the compensation of public officers cannot be subjected to the demands of creditors through the process of garnishment, even in the absence of an express constitutional or statuory provision exempting them."

**56 A.L.R., Page 602,—II.**

While the precise question involved—that is the garnishment of the emoluments which are attached to the office of Mayor—has not been definitely decided in any of the Connecticut cases, yet there is one theory which seems to be pretty definitely recognized and to which adherence is made. That is to the effect that there is a pronounced and recognized line of demarkation between "employees", as such and officers.

The "employees" are definitely classified as those whose wages and compensation grow out of a contract relation and their wages or compensation seem to be not only assignable but also attachable and also subject to the process of foreign attachment.

"An appointment to office is neither a contract nor is the office or its prospective emoluments the property of the incumbent."

**McDonald vs. New Haven, 94 Conn., 403 at Page 415.**

The first question—that is as to whether or not a municipality may be subject to the process of foreign attachment or garnishment should, it seems, be answered in the affirmative.

The second question as to whether the emoluments connected with the office of Mayor may be taken from him by a creditor and through the process of foreign attachment or garnishment involves an important question of public policy and for that reason an attempt is made in this memorandum to decide the issue as tendered and to make the decision broad enough so as to accomplish the apparent intent of the plaintiff and the defendant and to have this important question decided without equivocation.

For the reasons stated the demurrer is overruled as to its first paragraph.

The demurrer is sustained as to its second and third paragraphs, even though the second and third paragraphs of the demurrer are more argumentative than assertive.