THE PRUDENTIAL MORTGAGE AND INVESTMENT COMPANY *vs.* CITY OF NEW BRITAIN.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued October 13th—decided December 9th, 1937.

*William S. Locke,* with whom was *Walter E. Hanson,* for the plaintiff.

*George J. Coyle,* for the defendant.

BROWN, J. The facts stipulated for this reservation include the following: The plaintiff brought a civil action for damages against George A. Quigley wherein, upon the original writ and upon several subsequent orders for further attachment, the defendant was garnisheed. When this garnishee process was served Quigley was the duly elected and qualified mayor of the defendant city, engaged in the performance of his

office, and a substantial sum was due to him from the defendant, as provided by ordinance, wholly for salary in administering this office. The defendant made no disclosure. The plaintiff obtained judgment against Quigley for $1846.62 which has not been paid. The mayor is the executive officer of the defendant, charged with the performance of public and governmental duties, essential under the defendant's charter to its discharge of the duties of a public governmental character delegated to it as the agent of the State. The vital question, upon the demurrer and presented upon this reservation, is whether the salary incident to the office of mayor of the city of New Britain is subject to garnishment for the private debts of the incumbent.

In *Stillman* v. *Isham,* 11 Conn. 124, 127, after suggesting the desirability of liberally construing the statute providing for foreign attachment which has become § 5763 of the General Statutes, we continued that nevertheless it must not be extended "to cases not within its spirit, by which others who are in the execution of public trusts, would be subjected to serious inconvenience." We accordingly ruled that public officers having money in their hands, to which certain individuals were entitled, were not subject to the process of foreign attachment by creditors of the latter. This rule has been modified by subsequent decisions. Thus we held that an ordinary debt due from a town could be garnisheed, since this imposed no greater inconvenience upon the town than would similar process served on a private corporation or individual. *Bray* v. *Wallingford,* 20 Conn. 416, 420. Again we held that money collected on execution by a sheriff in his official capacity could be garnisheed, pointing out that he was the agent of the execution creditor and not of the law. *New Haven Steam Saw Mill Co.* v. *Fowler,* 28 Conn. 103, 111; *Hewitt* v. *McNerney,* 73 Conn. 565, 567, 48

Atl. 424. We further held that salary due from a school district to a teacher was subject to garnishment, emphasizing the distinction between a teacher, who is not under oath but employed by contract with duties incident to such employment which are not official, and an officer who is elected or appointed. *Seymour* v. *Over-River School District,* 53 Conn. 502, 509, 3 Atl. 552. While the plaintiff concedes that the salary of a State officer is not subject to garnishment and that this court has never held the salary of a municipal officer to be subject thereto, it contends that, in the light of the decisions just referred to, we should, in liberally interpreting § 5763, take the further step of so holding in this case.

In support of this claim the plaintiff argues that it is the established public policy of this State to subject every person's property to the liability of being taken for the payment of his debts, and that this outweighs any impolicy of subjecting public officers in the execution of their public trusts to the inconvenience incident to responsibility to third persons upon garnishee process. The policy of our law of subjecting all property of the debtor, not exempt from execution, to the payment of his debts, is well settled. *Gager* v. *Watson,* 11 Conn. 168, 171; *Flagg* v. *Platt,* 32 Conn. 216; *Sutherland* v. *Brown,* 85 Conn. 67, 73, 81 Atl. 1033. But assuming, without deciding, that salary due is an asset of a public officer within the meaning of the word "property" as above used, the question remains as to whether the reasons for exempting it from garnishment so far outweigh those for holding it answerable to debts due the officer's creditors that it is against public policy to dismiss the garnishment. *Seymour* v. *Over-River School District,* supra, 509.

The question here, where receipt by the public officer of the salary due him is at stake, goes deeper

than that presented by the situation in *Stillman* v. *Isham,* supra, as to which, at page 127, we said: "The pervading principle in all these cases is that public officers, who are bound to transact the public business, by certain rules, and in certain forms, shall not be exposed to the expense, the inconvenience and hazard incident to this process." There we were referring to the inconvenience to the officer of having to respond upon such process directed at public moneys in his hands, while here, deprivation of his own salary due him under the law is involved. In view of the probable effect upon his peace of mind, a much greater potential detriment to the public service is threatened by the latter procedure than the former. In such cases the right of garnishment of the officer's salary has been denied for the reason that "the salary of a public officer is a provision made by law for his maintenance and support during his term, to the end that, without anxiety concerning his means of subsistence, he may be able to devote himself entirely to the duties of his office, and the public thus have the full benefit of his knowledge and ability in the services he is entitled to render [and that] if he could be deprived of his means of support by the garnishment of his salary, presumptively his efficiency as an officer would be impaired, if not destroyed, and the public interests would suffer serious detriment." *Lewis* v. *Denver,* 9 Colo. App. 328, 329, 48 Pac. 317; 12 R. C. L. 803, § 32. This ground for holding garnishee process inapplicable to an officer's salary is not fanciful but real, for the probable effect of permitting it, in the light of ordinary human nature and experience, is exactly that stated. It sets forth a sound and sufficient reason in support of the conclusion reached.

The potential serious injury to the public from such impairment of the mayor's efficient discharge of his

official duties is apparent upon the facts in this case. The State has delegated to the city of New Britain various attributes of sovereignty by its charter, and thereunder the mayor as chief executive magistrate is charged with the duty of carrying many of them into effect. 14 Special Laws, pp. 915, 927, § 24-28. The rights, authority, and duty thus conferred upon him invest him with a portion of the sovereign power of the government to be exercised for the public good by him as a public officer. *Sibley* v. *State,* 89 Conn. 682, 685, 96 Atl. 161; *Kelly* v. *Bridgeport,* 111 Conn. 667, 670, 151 Atl. 268. Thus it is clear that interference by garnishee process with the mayor's discharge of his duty constitutes in effect an interference with the State's sovereign functions. This interference should not be permitted without definite direction from the Legislature. In the absence of such direction we therefore conclude, that the reasons calling for the exemption of the mayor's salary from garnishment are so weighty that public policy requires that such salary be held not answerable to debts due his creditors. This brings us to a result in accord with the great weight of authority. Note, 17 Ann. Cas. 525, and cases cited; Note, 56 A. L. R. 602, II, and cases cited; 1 Dillon, Municipal Corporations (5 Ed.) 741, § 428; 4 Am. Jur. 757, § 327; 28 C. J. 174, § 219.

The Superior Court is advised that the demurrer to the second defense wherein is set forth the facts upon which rested the defendant's claim that the salary was exempt, should be overruled. Costs in this court will be taxed in favor of the defendant as they would be to the prevailing party on an appeal.

In this opinion the other judges concurred.