## MAE F. MOLDENHAUER
*vs.*
## AUGUST H. MOLDENHAUER

Court of Common Pleas  New Haven County  File No. 32301

MEMORANDUM FILED JANUARY 13, 1942.

*Franklin Coeller,* of New Haven, for the Plaintiff.

*Max Schwartz,* of New Haven, for the Defendant.

*Wiggin & Dana,* of New Haven, for the Garnishee.

McDONOUGH, J. The Metropolitan Life Insurance Company, the named garnishee, appeared by its attorney and the parties agreed that at the time the garnishment process was served upon this garnishee it had in its hands on policy No.

91175645 the sum of $162.61, and in this amount was indebted to the defendant, Moldenhauer. The parties were unable to agree as to whether the garnishee was indebted to said defendant on policies No. 69384403 and No. 73363332, as each of the parties placed a different construction on the right to garnishee "cash surrender value" in these two policies. The plaintiff claims as to these that they have and had at the date of garnishment a fixed cash surrender value and that in as much as the only thing necessary for the defendant, Moldenhauer, to do in the premises to receive said amounts was to comply with some policy provisions hereinafter referred to, that therefore such amounts should be held by virtue of the garnishment process and payable on execution.

Defendant says that policy No. 69384403 had at the date of garnishment a cash surrender value of $73.18 but that under the terms of the policy such "cash surrender value" will be paid by the insurer "upon written application made upon blanks furnished by the company, accompanied by the surrender of the policy and evidence of premium payment."

It is admitted, for the purposes of this hearing, that the insured has never made written application for such cash surrender value and has never surrendered the policy and has never submitted evidence of premium payment; that this action is one on the part of a wife to recover alimony from her ex-husband; and that the latter refuses to comply with said terms of said policies.

This same situation exists as to policy No. 73363332 except that the amount of the "cash surrender value" is $35.88. The question is, when, by the terms of an insurance policy, the insured has the right to a "cash surrender value" by complying with certain provisions of the policy as to the method of obtaining the amount, but never in any way has so complied with said provisions, is the amount of the cash surrender value a debt existing between the insurer and the insured on the date of garnishment, and was and is the insurer indebted to the defendant, Moldenhauer, under the provisions of section 5763 of the General Statutes, Revision of 1930?

A search by counsel and the court fails to disclose a case in this State on all fours with this one. We, therefore, must have recourse to the reasoning in analogous cases.

It is definitely settled in this State that all property of a

debtor may be attached unless expressly exempted by statute. "Our statutes relating to foreign attachment were designed to carry out more effectually the policy of our law that all the property of a debtor not exempt from execution shall be made subject to the payment of his debts, and that every facility consistent with the reasonable immunity of the debtor should be afforded to subject such property to legal process.

" 'Attachment by factorizing process, as it is now generally called, has long since ceased to be merely a remedy for the prevention of fraudulent conveyances, or of fraud by absconding debtors. The statute should be liberally construed, and parts of its language more especially adapted to its earlier purposes may properly be regarded as inapplicable to some of its present objects.' Sutherland vs. Brown, 85 Conn. 67, 74." Ransom vs. Bidwell, 89 Conn. 137, 140. See, also, Prudential Mortgage & Investment Co. vs. New Britain, 123 Conn. 390, 392.

"The interpretation placed upon our statute makes it clear that it was intended to apply to property within the control of the garnishee." Medlyn vs. Ananieff, 126 Conn. 169, 172.

The defendant garnishee need have no fear of being compelled to pay these amounts twice for it is well settled that payment on execution will protect it in this respect. Parker, Peebles & Knox, Inc. vs. National Fire Ins. Co., 111 Conn. 383.

It need have no fear of being subjected to further liability by reason of any assignment or pledge of these policies (Defendant's Exhibits 1 and 2) for by the terms of the policies themselves it is expressly provided that "any assignment or pledge of this policy or any benefits hereunder shall be void and of no effect." Certainly this is a sufficient notice to an assignee that he is taking the assignment subject to that provision.

"Our statute, as interpreted by our decisions, limits the process of foreign attachment to debts due, and contemplates an uninterrupted possession of the garnishee of the res from the attachment to the demand on execution." Coyne vs. Plume, 90 Conn. 293, 298.

As to the question as to when a debt is due, it is sufficient to call attention to the rule laid down by our Supreme Court: "'The rule is firmly established that, for purposes of foreign

attachment, a debt is 'due' when it is owed." *Parker, Peebles & Knox vs. El Saieh,* 107 Conn. 545, 554.

The foregoing citation clearly shows the difference between the more restricted sense of payable and due.

It seems to me that the plaintiff stands squarely in the shoes of the insured and liability to pay these several amounts to him upon the performance by him of certain acts in the policy provided as heretofore set forth. The provisions of our factorizing statute ought to apply. *See Finch vs. Great American Insurance Company,* 101 Conn. 332, 339, which holds that an unadjusted and unliquidated claim for a loss under a policy of insurance against fire is subject to garnishment in the hands of the insurance company.

In the instant case the amounts in the hands of the garnishee are liquidated and, as stated, all the insured need do is to make written application for "cash surrender value", surrender the policy and submit evidence of premium payment.

It cannot be doubted that by appropriate action in the courts the insured can be compelled to comply with these provisions, for otherwise he could, by mere refusal or non-action, deprive the creditor of redress. The several amounts in question have been admitted to be the several cash surrender values of the several policies. This being so, of course, requirement as to proof of premium payment is unnecessary. The presentation of the policy under our law is likewise unnecessary. By virtue of all of the foregoing the conclusion is inescapable, that the several amounts in the several policies were "due" at the time of the service of garnishment process upon this garnishee. Therefore, it is found that the said garnishee has in its hands the sum of $271.67, of the property of the defendant, August H. Moldenhauer, and that it did have said amounts in its hands at the date of garnishment and was and is indebted to said August H. Moldenhauer in said sum of $271.67.