[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PREJUDGMENT REMEDY
There is probable cause that plaintiff would obtain a judgment in the amount of $36,192. The question is whether or not the plaintiff may attach or garnishee property of the Town of Bozrah (Town).
Facts
The defendants in this action are a municipal official and a municipality. Raymond C. Barber is the First Selectman of the town and at all relevant times acted within the scope of his authority as a municipal official.
Law
Our attachment statute, Conn. Gen. Stats. 279, reads as follows:
 Sec. 52-279. When attachments may be granted. Attachments may be granted upon all complaints containing a money demand against the estate of the defendant, both real and personal. No attachment shall be made in any action for slander, libel or CT Page 1017 invasion of privacy except upon order of the court to which the writ is made returnable. No attachment shall be made against the real or personal property of a member of the state or any municipal police office force in an action involving his conduct as a policeman except (1) when such policeman has been dismissed from the police force of which he was a member at the time of the incident which gave rise to the action or (2) upon order of the court to which the writ is returnable. No attachment shall be made against the real or personal property of any member, teacher or employee, as defined by section 10-235, of any board of education, the board of governors of higher education or governing board of any state institution of higher education, in any action against any board or commission as defined by said section or against any such member, teacher or employee involving his conduct as such member, member or employee, or against any member of any other appointed or elected municipal board or commission in any action against such board or commission or against such member involving his conduct as such member, except upon order of the court to which the writ is returnable. No attachment shall be made against the real or personal property of any Connecticut canine control officer or regional Connecticut canine control officer, appointed under the provision of section 22-328, in any action against any such officer involving his conduct as such officer except upon order of the court to which the writ is returnable.
As can be seen, there is a general grant of the right to make attachments which is then limited by five sentences, each of which begins "No attachment shall be made . . .".
This statute is to be strictly construed. Atlas Garage Custom Builders, Inc. v. Hurley, (1974), 167 Conn. 248,257-258.
Corporation
The Town argues that the definition in our garnishment statute, Conn. Gen. Stats. 52-278a (c) limits garnishment CT Page 1018 rights to persons and that persons are only "individuals, partnerships, associations and corporations." The Town does not explain the effect of the fact that towns are municipal corporations. Conn. Gen. Stats. 37-148 (c) and7-7. Our cases maintain that for our purposes they are corporations. Bray v. Wallingford, 20 Conn. 416, 417-418[1]
Creditor's Rights
The court has already found that there is probable cause that plaintiff will prevail. Our foreign attachment statute allows creditors to garnishee corporations. The town is a municipal corporation. Municipal corporations may be garnisheed for money they owe others. Seymour v. Over-River School District, 53 Conn. 502, 509. That is certainly a more onerous and inconvenient interference with government than merely having the town's property attached for its own debts until a judgment, if any, is rendered in the plaintiff's favor. If a town maybe subject to foreign attachment for monies owed to others it follows it may be attached for money it may owe.
It is true that governmental immunity applies to towns under certain circumstances. Ryszkiewicz v. New Britain,193 Conn. 589, 593. Such immunity is not only subject to several exceptions, but towns "have no sovereign immunity, and are capable of suing and being sued in any action." 1 Swift, System, p. 116, Murphy v. Ives, 151 Conn. 259, 269
(other citations omitted). In addition our own statute, in regard to municipal powers, provides as follows:
Sec. 7-148. Scope of municipal powers, . . .
 (c) Powers. Any municipality shall have the power to do any of the following, in addition to all powers granted to municipalities under the constitution and general statutes:
 (1) Corporate powers. (A) Contract and be contracted with, sue and be sued, and institute, prosecute, maintain and defend any action or proceeding in any court of competent jurisdiction.
It is the general statutes which establish the Town's powers, as it has no charter. CT Page 1019
The elderly case of Bray v. Wallingford, supra, permitted towns to be garnisheed for ordinary debts due from the town, "since this imposed no greater inconvenience upon the town than would similar process served on a private corporation or individual." Prudential Mortgage Investment Co. v. New Britain, 123 Conn. 390, 391.
The application will be granted.
N. O'Neill. J.