[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant was one of two individuals named as defendants in a suit by the plaintiff corporation on a promissory note in the amount of $75,000.00. On January 16, 1996, the plaintiff corporation recovered a default judgment against the defendant, Harold Dean, who failed to appear either in person or by counsel. The court (Levin, J.) found the damages upon default to be $129,500.00, plus costs in the amount of $263.60 and attorney's fees in the amount of $600.00. A nominal order of $15.00 per week was entered by the court for the payment of said judgment.
On February 28, 1996, the plaintiff moved, pursuant to Sec.52-356(c), C.G.S., for a modification of said weekly order for payment. CT Page 5785
Having heard the plaintiff and defendant, the court makes the following findings and conclusions.
The $15.00 per week order was granted by the court as a standard nominal order common in default cases. It was not entered as part of any agreement or stipulation.
The defendant's argument that such order should not be increased unless and until the plaintiff establishes that there has been a substantial change in the financial circumstances of one of the parties has no basis in civil actions involving standard orders for payment of default judgments. The defendant has offered the court no authority for that theory.
The defendant further argues that by virtue of a $780.00 payment tendered by him, and accepted by the defendant on or about February 6, 1996, the plaintiff has acquiesced to the $15.00 per week order for a period of 52 weeks, and that no modification of the weekly order should be allowed to the plaintiff until that period of time has expired. The defendant has failed to prove that his unilateral prepayment of a portion of the judgment in any way precludes the plaintiff from moving the court to modify what is clearly an arbitrary and nominal order for payment.
The defendant also cited the case of Prudential Mortgage andInvestment Co. vs. New Britain, 123 Conn. 390 (1937), as authority for the proposition that the wages of the defendant could not be attached. In Prudential Mortgage, Statute 5763 was cited as "the statute providing for foreign attachment. . ." A foreign attachment is an execution on some asset of the obligor. An attachment of wages is not a foreign attachment. Sec. 52-361a, C.G.S., provides that "execution on wages may be applied for by a judgment creditor if a judgment debtor fails to comply with an installment payment order." Having considered the defendant's arguments, it is important to note that the relief sought by the plaintiff in the instant motion is a modification upward of a nominal order for payment. It has not asked the court for a wage execution. There is no need to consider the defendant's contention that a weekly order for payments is tantamount to a wage execution.
The court has also taken into consideration the financial affidavit of the defendant regarding his income, assets and CT Page 5786 liabilities. The court finds that his disposable income is more than sufficient to warrant an appreciable increase in the existing weekly order.
For the reasons set forth hereinabove, the court grants the plaintiff's motion for modification of the weekly order of payments entered on January 16, 1996.
The defendant is ordered to pay to the plaintiff the sum of $250.00 per week until said judgment is paid in full.
BY THE COURT
JOSEPH W. DOHERTY JUDGE