ALEXANDER LEVI *v.* JOHN THOMPSON ET AL.

The holder of a register's certificate of the purchase of a lot in the town of Dubuque, lawfully acquired, and issued by the register under the two acts of 2d July, 1836, and 3d March, 1837, has such an equitable estate in the lot, before the issuing of a patent, as will subject the lot to sale under execution under the statute of Iowa.
The doctrine established in the case of Carroll *v.* Safford, 3 Howard, 441, reviewed and confirmed.

THE commissioners under the act of the 3d of March, 1837, amendatory of the act entitled " An Act for laying off the Towns of Fort Madison," &c., approved July 2d, 1836, confirmed unto Alexander Levi and John Thompson, as tenants in common, the right of purchase, by preëmption, of lot No. 68, in the town of Dubuque, being of the first class, containing seventeen one hundredths of an acre. The lot was entered in the land-office, and the receiver's receipt given to Levi and Thompson for the purchase money, on the 1st of April, 1840. It appears that William Chilson and Joel Campbell had instituted a suit, on the common law side of the District Court of Dubuque County, against Levi and Thompson, and that judgment was rendered against them for $780·50 and costs of suit, in August, 1839. Execution was issued upon the judgment in due form of law ; it was placed in the sheriff's hands to be executed, and he levied upon the lot for which Lee and Thompson had a preëmption certificate, and the same was sold to satisfy the execution, before a patent had been issued

by the United States to Levi and Thompson for the same. Thompson, the tenant in common with Levi, became the purchaser, paid the purchase money, and took the sheriff's deed for the same. Thompson, in November, 1841, sold the lot to the other defendants, who had paid for the same before Levi sued out his bill. They state, in their answer to Levi's bill, that when they bought the lot from Thompson, they were informed by him, and so supposed the fact to be, that he had a full and perfect right thereto, free from all encumbrances and of all claim by any other person or persons, and that at the time of their purchase, and when they made the payments to Thompson for the same, they were utterly ignorant of any title or claim to property in Levi, or that he set up or pretended to have any claim or title to the same. That the first notice they had of any such claim by Levi was about three weeks before the date of their answer to his bill, when he sent them word that he desired them to make a division of the property with him. They further state, at the time of their purchase there was a small log-house upon the lot, of little or no value to them, which they tore down and removed. That they went into quiet and peaceable possession of the lot at the time of their purchase, and have so remained ever since ; that they had made lasting and valuable improvements upon the lot ; that for a considerable part of the time whilst they were making these improvements, Levi had been in the city of Dubuque, and they believe must have discovered them, as he frequently passed and repassed the lot, and never informed them of his having any claim to the same. The cause was tried in the District Court, upon the bill and answers of the defendants, and the court adjudged that the petition of the complainant should be dismissed. An appeal was taken to the Supreme Court, and that court affirmed the decree of the court below; and from that court it has been brought to this court by appeal.

The cause was submitted on printed arguments, by *Mr. Washington Hunt*, for the appellant, and *Davis* and *Crawford*, for the appellees.

*Mr. Hunt* contended, that the legislature of the Territory of Iowa could confer no authority upon the sheriff to sell the property in question, because the title was yet in the United States, and had not passed to Levi and Thompson at the time of the sheriff's sale, and cited Bagnell *et al. v.* Broderick, 13 Peters, 436, and Wilcox *v.* Jackson, 13 Peters, 498, 516, 517.

He also contended. that the sheriff's deed could pass no title, because it was sold as real estate, whereas the fee simple was at that time in the United States.

*Mr. Hunt* also raised other objections, which it is not neces-

Levi v. Thompson et al.

sary to state, because the decision of the court turned upon a single point.

*Messrs. Davis* and *Crawford*, for the appellees, relied upon the validity of the statute of Iowa.

Mr. Justice WAYNE delivered the opinion of the court.

The only question raised by the pleadings in this cause, and it seems to us the only one argued at its hearings in the District and Supreme Courts of Iowa, was, whether the lot, for which Levi and Thompson had a preëmption certificate, which had been entered and paid for by them, was or was not liable to be sold upon execution issued upon a judgment rendered against them previous to a patent having been issued for the land by the government of the United States. Their right to a preëmption purchase of the lot was acquired under the act of the 2d of July, 1836, ch. 262, entitled "An Act for laying off the Towns of Fort Madison and Burlington, in the County of Des Moines, and the Towns of Bellevue, Dubuque, and Peru, in the County of Dubuque, Territory of Wisconsin, and for other Purposes," and under the act of the 3d of March, 1837, ch. 36, amendatory of the preceding act just recited. The right of Levi and Thompson to a preëmption, under those acts, is not a controverted point in the case. Taking it for granted, then, that it had been lawfully acquired, that they entered the land in the proper office, and that it was paid for in their names, this gave them the right to the register's certificate of purchase, to be transmitted to the commissioner of the general land-office, as in other cases of the sale of public lands. The fee continues in the United States until the issue of the patent, but the right to the fee was in the purchasers, and they were entitled to a patent for the land, unless there was some legal objection by the United States against issuing it, of which this court is not advised.

This right to the fee and a patent in this case gave to Levi and Thompson that "equitable right" to the land, under the certificate from the receiver of the land-office, which the law of Iowa has made subject to execution for the satisfaction of judgments. Stat. Law Ter. of Iowa, 197, January 25th, 1839.

We further remark, that the principle upon which the case of Carroll v. Safford, 3 How. 441, was decided, covers this case. Nor do we find any thing in the case of Bagnell v. Broderick, or of Wilcox v. Jackson, cited by the counsel for the plaintiff in error, or in any other case decided by this court, which conflicts with the decision it here gives.

We direct the decree of the court below to be affirmed.