## Wytheville.

THE PORTSMOUTH GAS CO. v. SANFORD, BROOKS & BONSAL.

JUNE 15, 1899.

1. MUNICIPAL CORPORATIONS—*Garnishment—Attachment.*—A municipal
   corporation may be garnished or attached for a debt due to one of
   its creditors just as a natural person may be. Such a proceeding
   is not contrary to the public policy of this State.

Error to a judgment of the Circuit Court of the city of
Portsmouth, rendered on the 9th day of May, 1898, in an action
of trespass on the case wherein the plaintiff in error was the
pláintiff, and the defendant in error was the defendant.

*Reversed.*

The opinion states the case.

*Crocker & Crocker* and *R. C. Marshall,* for the plaintiff in
error.

*Watts & Hatton,* for the defendants in error.

BUCHANAN, J., delivered the opinion of the court.

The plaintiff in error brought an action on the case against the
defendants in error to recover damages for injuries alleged to
have been done to the mains and sewer pipes of the plaintiff.
The defendants, who were contractors with the city of Ports-
mouth to construct a system of sewerage, were non-residents of
the State, and the city being indebted to them on that account,

an attachment was sued out and levied by serving a copy thereof on the city, which was designated as owing and having estate of the defendants in its possession.

When the case, which had been regularly matured by order of publication, was called, the defendants appeared specially and moved the court to quash the attachment on the ground that the city of Portsmouth was not liable to garnishment. The court sustained the motion, quashed the attachment, and dismissed the action. To that judgment this writ of error was awarded.

The only question involved is the right of the plaintiff to subject the debt due from the city of Portsmouth to the defendants under the provisions of our attachment law which authorizes garnishment proceedings against persons indebted to non-resident defendants.

Section 2967 of the Code provides, among other things, how the estate of a non-resident defendant may be levied upon under attachment proceedings, and how any person indebted to or having in his hands effects of such defendant may be summoned as a garnishee.

The words *any person*, used in that section, include corporations as well as natural persons. In *Baltimore & Ohio R. Co.* v. *Gallahue's Adm'rs*, 12 Gratt. 655, 663, it was held that when the word " person " is used in a statute, corporations as well as natural persons are included for civil purposes. This was the rule at common law. 2 Inst. 697, 703. They are to be deemed and taken as persons when the circumstances in which they are placed are identical with those of natural persons expressly included in such statutes.

Section 5, sub-section 13, of the Code provides that the word person may extend and be applied to bodies politic and corporate as well as individuals.

Judge Allen, in delivering the opinion of the court in *Baltimore & Ohio R. Co.* v. *Gallahue's Adm'rs, supra,* p. 663-4, said: " The general words as to what effects, debts, or estate may be

attached would seem to embrace his whole estate, without respect to the character of the person, natural or artificial, in whose hands the effects were, or by whom the debt was due. The corporation stands in precisely the same position in regard to such effects or debts as a natural person. If it owes the debts or holds the effects of another, it, like an individual, is liable to be sued by its creditor or the owner of the property; and the statute merely substitutes the plaintiff in the attachment to the rights of the creditor or owner as against the garnishee. No change is made in its contract or additional obligation imposed on it by being proceeded against as a garnishee."

The reasoning of Judge Allen is applicable to all corporations, and all, it would seem, should be held to be within the statute unless there be some rule of public policy which would exclude municipal corporations.

It is well settled that the officers of the State are not liable to such proceedings without its consent, *Rollo* v. *Andes Ins. Co.*, 23 Gratt. 509; 2 Wade on Attachments, sec. 346; Drake on Attachments, sec. 516 (7th ed.); and it is claimed that upon similar grounds municipal corporations should not be. In the courts of many of the States this view prevails, and the reason upon which it is based is thus stated by a learned writer upon the subject: " The foundation of the doctrine that municipal corporations cannot be called upon to answer as garnishees, is purely a question of public policy. They are regarded as integral branches of the government, exercising only public functions, and intended to guard public interests. To permit them to be subjected to actions, and possible judgments and expense, in relation to matters in which they have no interest, it is deemed would be an intolerable burden in view of the large number of persons who necessarily stand toward them as creditors. To turn them into mere instruments for the collection of private debts, it is thought would detract from their dignity, and be subversive of the public interest. To place the debts owing by large cities,

towns, or other municipal corporations within the reach of this facile process, it is feared might endanger the working capacity of the government by driving away the employees upon whom its executive duties devolve, thus endangering the peace and good order of the community; and much more to the same general purport, which is not, however, universally convincing." 2 Wade on Attachments, sec. 345.

Mr. Dillon, in his work on Municipal Corporations, while conceding that the weight of authority is in favor of the non-liability of municipal corporations to garnishment, expresses the opinion that, where the question is left entirely open by statute, on principle a municipal corporation is exempt from liability of this character with respect to its revenues and the salaries of its officers, but that where it owes an ordinary debt to a third person, the mere inconvenience of having to answer as garnishee furnishes no sufficient reason for withdrawing it from the reach of the remedies which the law gives creditors of natural persons and private corporations." 1 Dillon on Mun. Corp. (4th ed.), sec. 101.

By an act approved February 19, 1898, Acts of Assembly 1897-'8, ch. 410, p. 445, express authority is given to subject the wages and salaries of the officials, clerks, and employees of a municipal corporation by garnishment where a judgment has been rendered against such official, clerk, or employee. If it be the policy of the State, as shown from this act, to make a municipal corporation liable to garnishment upon debts due its officials, there would seem to be no good reason for holding that it should not be liable to proceeding where it owes an ordinary debt to a third person, unless a contrary rule has been established in this State. We have no decision of this court upon the precise point. In the case of *Hicks, Trustee,* v. *Roanoke Brick Co.,* 94 Va. 741, it was held that a writ of *fieri facias* against a contractor was a lien upon the amount due him by the city of Roanoke for work done. In order to subject that fund in the hands of the city and make the lien available the execution credi-

tor would have the right, it would seem, from the very necessity
of the case, to implead the city and bring it before the court.
If the city can be brought before the court in order to subject
the fund in its hands to the satisfaction of the lien, there is no
reason why it cannot be done by garnishment, for in that pro-
ceeding its rights can be as fully protected as in any other.
Besides the objection to holding municipal corporations liable to
garnishment is not based upon the form of the proceeding, but
upon the ground that such corporations should not be impleaded
at all in controversies in which they have no interest, and where
the object of bringing them before the court is merely to subject
funds in their hands due to one of the litigating parties, to the
payment of a debt due the other.

If a municipal corporation is liable to garnishment in the ordi-
nary case, where both the execution debtor and the garnishee are
residents of the State, it is clearly so where the principal debtor
is a non-resident of the State.

In that class of cases another rule of public policy is to be con-
sidered, and that is that the State owes it to its own citizens to
provide appropriate remedies by which home creditors may sub-
ject the assets or effects of non-resident debtors to the payment
of their debts. The general rule is that a foreign personal repre-
sentative or guardian cannot be sued out of the jurisdiction in
which he qualified, because his duties are considered as strictly
local, yet under special circumstances, in order to protect home
creditors, the general rule gives way, and our courts take juris-
diction of suits against them, as was done in *Tunstall* v. *Pollard's
Adm'r*, 11 Leigh 1; and in *Clendenning* v. *Conrad*, 91 Va. 410.
The ground upon which our courts take jurisdiction in such cases
is that it is the duty of every sovereignty to provide for the
security of its own people. Our attachment laws against non-
resident debtors having assets or effects in this State are based
upon the same principle, and give creditors the right to subject
such assets or effects to the payment of their debts in suits upon

constructive notice in violation of the general rule that all parties sued are entitled to personal notice.

Upon the facts of this case little inconvenience and no prejudice can result to the city of Portsmouth by holding it liable to garnishment. The work undertaken by the defendants for the city has been completed, the city has retained, upon notice of the plaintiff's claim, a sum sufficient to meet its demands. The city is making no objection, so far as the record shows, to the proceedings against it. The only objection made is by the defendants, and if that objection prevails its effect will be to enable the defendants to withdraw their effects from the State and compel the plaintiff to abandon its claim, or bring suit in a foreign jurisdiction remote from the place where the cause of action arose.

We are of opinion that the city of Portsmouth is liable to garnishment, and that the judgment complained of must therefore be reversed and set aside, and the cause remanded to the Circuit Court for further proceedings.

*Reversed.*