STUMP CORPORATION D/B/A ALUMINUM CONSTRUCTION COMPANY, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, Respondent; BUSINESS DEVELOPMENT CORPORATION, ETC., and COMMONWEALTH OF PUERTO RICO, Interveners.

No. O-69-260.    Decided June 18, 1970.

*E. L. Belén Trujillo* for petitioner. *Reichard & Colberg* for Business Development Corp. *Gilberto Gierbolini, Solicitor General, J. F. Rodríguez Rivera, Acting Solicitor General,* and *Américo Serra, Assistant Solicitor General,* for the Commonwealth.

MR. JUSTICE TORRES RIGUAL delivered the opinion of the Court.

The present appeal gives us the opportunity to clarify the scope of Rule 56.1 of the Rules of Civil Procedure concerning the power of the trial court to order the retention or deposit of a check issued by the Secretary of the Treasury in favor of a public works contractor in order to subject the disposition of said check to the results of an action for the

recovery of money filed against said contractor. We expressly left this question open in *Commonwealth* v. *Superior Court*, 98 P.R.R. 513 (1970).[1]

■ The trial court denied the order to secure the effectiveness of the judgment requested by appellant in order that the Secretary of the Treasury of the Commonwealth of Puerto Rico would deliver to the marshal or retain in his possession a check for the amount of $61,200 issued in favor of appellees, contractors of a public work already *completed* and *accepted* by the Department of Education.[2] The trial court grounded its denial on the doctrine which provides that the funds of a contractor in the possession of a public agency cannot be attached. As we shall see, the application of said doctrine to the case at bar is erroneous, for which reason it is proper to reverse the order appealed from.

■ Several grounds are adduced to exempt government entities from the proceedings of attachment and garnishment. The main ground lies on the public policy standard to the effect that government activities should not be subject to the inconveniences of these proceedings which interfere with the performance of the public duties in detriment to the general welfare. *Portsmouth Gas Co.* v. *Sanford et al.*, 33 S.E. 516 (Va. 1899) ; *Wheeler* v. *Walter J. Bryson Co.*, 35 S.W.2d 391

---

[1] In footnote No. 2 of the opinion delivered in *Commonwealth* v. *Superior Court, supra,* we stated:

"We are not deciding that the deposit in the trial court of any check which the government may issue in favor of defendant may not be ordered, the disposition of said sum being subject to the results of the litigation."

[2] As a matter of fact, the trial court had authorized the attachment of the check but later set it aside wrongfully applying our judgment of November 18, 1968, in *Secretary of the Treasury* v. *Superior Court, Ponce Part,* O-68-207. Said case refers to a different situation of facts concerning the attachment of one fourth of the salary of a public employee. We reversed said writ of attachment in accordance with the rule prevailing in this forum to the effect that the unpaid salaries of a public employee are not subject to attachment. *Padrón* v. *District Court,* 59 P.R.R. 254 (1941) ; *Blanco* v. *Municipal Court,* 41 P.R.R. 533 (1930).

(Tenn. 1931). See also, Fordham, *Garnishment of Public Corporations*, 39 W. Va. L.Q. 224; Scott, *The Government as a Garnishee*, 16 Ind. L.J. 545. It is also adduced that said proceedings constitute a "deviation" of public funds since the latter are in *custodia legis* and cannot be diverted for purposes contrary to those for which they were originally bound.[3] *Commonwealth* v. *Superior Court, supra; Buchanan* v. *Alexander*, 45 U.S. 18, 11 L.Ed. 857 (1864); Scott, *op. cit. supra* at 553.

■ We accept the efficacy of these grounds when the State is the debtor and it is sought to secure the effectiveness of the judgment through the attachment of public funds. In such case, there are other less onerous remedies which may be used by the State creditor. In *Lamboglia* v. *School Board*, 15 P.R.R. 299 (1909), we mentioned several alternate remedies as that of applying such funds in the Municipal treasury, as are not otherwise appropriated, to the payment of the judgments. We also stated, that in the event that there were no funds available, the government entity should then levy a tax to obtain them, if it possessed the taxing power; and if the officers concerned failed or refused to apply the funds or to levy the tax, resort could be had to a mandamus to compel them to do so. In the last instance when the government agency does not have the power to levy taxes, the only resource available to the creditor is to resort to the Legislature.

■ We also consider these grounds valid when we are dealing with the garnishment of public funds destined for public works to satisfy third-party credits against the contractor of said works, when the same are not finished. In such case it is logical to anticipate that the contractor will use the

---

[3] It has been sought also to justify the exemption on the ground that the State cannot be sued without its consent. *Buchanan* v. *Alexander, supra;* and that the garnishee process is a statutory remedy and, as such, must be strictly construed. Scott, *op. cit.* at page 552.

periodic payments for the continuation of the works, so that if the payments are paralyzed or interrupted by the garnishment process the completion of the works could be placed in jeopardy to the prejudice of the highest public interest. *Cf. Crédito y Ahorro Ponceño v. Colón,* 36 P.R.R. 308 (1927).

Such risks, however, do not exist when the works have been completed, and even less, when, as in the case at bar, the work has been accepted accordingly by the Department of Education.

When the work has been completed and accepted accordingly the concept of "deviation" does not apply. It is thus, because once it has been completed and accepted, the public purpose for which the funds were appropriated has been attained. Besides, the deposit of the funds with the Clerk's office is, after all, for the benefit of the contractor, whether he is finally the prevailing party on the trial—in which case he would receive the garnished funds—or, on the contrary, he is defeated, in which case said funds would be applied to the payment of his obligation to the third-party claimant, being thus redeemed. The State is not prejudiced at all, because, when the garnished public funds are applied to the payment of the contractor's obligation to the third-party claimant, it is also thus redeemed from its debt with the contractor. See § 1112 of the Civil Code, 31 L.P.R.A. § 3162.[4]

Even in the State jurisdictions where the garnishment process is strictly ruled by statute, it has been held that when the work has been completed there is no valid reason to exempt from garnishment the public funds owed by a govern-

---

[4] Section 1112 provides:

"Any person, whether he has an interest or not in the fulfilment of the obligation, and whether the debtor knows and approves it or is not aware thereof, can make the payment.

"The person paying for the account of another may recover from the debtor what he may have paid, unless he has done it against his express will.

"In such case he can only recover from the debtor insofar as the payment has been useful to him."

ment agency to a contractor. *Portsmouth Gas Co.* v. *Sanford et al., supra,* and *Wheeler* v. *Walter J. Bryson Co., supra; Holston Union Nat. Bank* v. *Knox County,* 165 S.W.2d 382 (Tenn. 1942) ; *Wharf Improvement Dist. No. 1 of Helena* v. *U.S. Gypsum Co.,* 25 S.W.2d 425 (Ark. 1930).

We cannot overlook the fact that our code of laws establishes these processes for the purpose of securing the effectiveness of the judgments and thus revendicate not only the justice due the parties, but also the dignity of the judicial function. The power granted by Rule 56.1 in regard to these processes is a clear acknowledgment of the social interest in providing adequate remedies for the collection of debts and claims. To construe Rule 56.1 in order to prevent this remedy when the work has been completed would unjustifiably undermine the social interest which said Rule tries to preserve, a fundamental interest in an economy like ours so broadly grounded on personal credit. We cannot acknowledge a category of privileged debtors that, after all, would result if we exempted from the processes of attachment and garnishment the funds of a contractor of a public work completed and accepted accordingly to the State.

In accordance with the foregoing reasoning, we decide that Rule 56.1 of the Rules of Civil Procedure empowers the trial courts to order, as a temporary measure to secure the effectiveness of the judgment, the retention or delivery to the court of the public funds destined for the construction of a public work, when said work has been completed and accepted by the government agency concerned.

In view of the fact that the Solicitor General, relying on some statements set forth in the case *Commonwealth* v. *Superior Court, supra,* seeks to support in his Report the application to the case at bar of the doctrine to the effect that the funds of a contractor in the possession of a public agency are not subject to attachment or garnishment, it is advisable to clarify that any statement in said case which could be

construed as contrary to our decision herein shall be regarded as modified by the present opinion.

The order appealed from will be set aside and the case remanded for further proceedings consistent with what has been set forth herein.

The Chief Justice did not participate herein.