Bernard Christian SLAUGHTER

v.

Andrew J. WINSTON, City Sergeant,
City of Richmond, Virginia.

Civ. A. No. 71–70–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Sept. 20, 1972.

JeRoyd W. Greene, Richmond, Va., for plaintiff.

Robert W. Duling, Richmond, Va., for defendant.

## MEMORANDUM.

MERHIGE, District Judge.

On April 4, 1972, plaintiff herein was, on the basis of a jury verdict rendered March 21, 1972, awarded judgment in the sum of $55,000 against Andrew J. Winston in his official capacity as City Sergeant of the City of Richmond, Virginia. That judgment has, by virtue of elapsed time, become final.

On May 17, 1972, plaintiff filed a motion asking for an award of attorney's fees in addition to the judgment amount on the grounds that the liability giving rise to the judgment was premised upon Title 42 U.S.C. § 1983, for an unreasonable refusal on the part of the office of

the City Sergeant to provide reasonable and necessary medical care to plaintiff while incarcerated in the Richmond City Jail.

In plaintiff's original suit the City, while named a defendant, was dismissed on the basis of Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

Pursuant to his judgment, plaintiff caused a writ of *fieri facias* to be issued. He then filed a suggestion of garnishment against the City of Richmond, seeking to attach operating funds appropriated by Richmond City Council to the City Sergeant's office. It is this action which the City now challenges.

The gist of the City's defense is that money appropriated for the City Sergeant's office is not a legal debt subject to garnishment. Moreover, it contends that to subject the City's appropriation to plaintiff's claim would be to render it indirectly liable where it would not have been held directly liable. Plaintiff argues, on the other hand, that the appropriation does represent a garnishable debt and that garnishment cannot have the effect of holding the garnishee defendant personally liable.

Rule 69(a), Fed.R.Civ.P., provides that "proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held . . . ." This Court thus looks to Virginia law to determine whether the garnishment would be proper.

Not surprisingly, there do not appear to be any Virginia cases directly on point. However, upon an examination of the few relevant Virginia cases and of general garnishment principles, the Court concludes that plaintiff cannot attach the City's appropriation as he seeks to do here.

Virginia is one of a minority of states which permits a municipality to be sued as a garnishment defendant in certain actions other than those expressly provided by statute. Portsmouth Gas Co. v. Sanford, 97 Va. 124, 33 S.E. 516 (1899) [1]. This is not to say, however, that a municipality gives up its immunity as to every garnishment action filed against it. Instead, *Portsmouth Gas, supra,* p. 517, narrowly restricted its holding to "an ordinary debt to a third person" where "little inconvenience and no prejudice can result to the city . . . ."

Here, plaintiff seeks to satisfy a judgment arising out of a violation of his constitutional rights for which the garnisheed defendant city could not have been held liable, and this Court so held. At the least, the teachings of Portsmouth Gas Co. v. Sanford, *supra,* preclude garnishment of the City funds where to permit it would be contra to public policy. To make the appropriations of the City, which are required to be made pursuant to State law, vulnerable to payment of an obligation for which the City is not liable and has been so adjudicated, and under circumstances where the City would not be relieved of any responsibility to make further appropriations for the operation of the City Sergeant's office, would be both inequitable and contra to public policy. See Merritt-Chapman & Scott Corp. v. Pub.Util.Dist. #2, 319 F.2d 94, 111 (2d Cir. 1963).

The funds which plaintiff seeks to attach are not those of an ordinary debt, nor are they effects in which the City Sergeant in his official capacity has a proprietary right. The City cannot be viewed as a mere stake-holder of funds due the City Sergeant. Rather, the appropriation is the means of paying expenses incurred in the performance of a function which is at least partly municipal in character. The funds appropriated by the City to the office of the City Sergeant are not in the form of a payment to that office to be used in a discretionary manner. The funds so appropriated are those which have been approved by the governing body of the City as being necessary for the mainte-

---

I. See also, Boyd, Higgins & Goforth v. Mahone, 142 Va. 690, 128 S.E. 259 (1925).

nance of the City Sergeant's office. Unlike receipt of money paid to a party in the manner of an ordinary debt being liquidated, the City Sergeant's office is limited in its expenditure both as to amount and purpose. Moreover, that office does not have, as the Court has already indicated, the same type of legal entitlement to the funds as would the usual or ordinary creditor.

While mandamus might be available to the City Sergeant as against City officials to force the transmittal of funds appropriated for the office of the City Sergeant, such an action is not analogous to one available for a simple or ordinary debt. Unlike one who could, by virtue of a debt certain, reduce it to judgment and thus make it capable of supporting a lien, mandamus is an extraordinary remedy not subject to such infirmities.

In sum, the City has not consented to be sued herein. The doctrine of sovereign immunity precludes this garnishment. The appropriation of funds by the City to the office of City Sergeant is unlike a debt owed a third party to which consent to be sued has been granted.

Further support to the Court's conclusion is indicated by the recognition that in an ordinary garnishment proceeding the stake-holder or garnishee defendant is, upon release of the garnisheed funds, relieved of obligation to the judgment debtor to the extent of the funds recovered by the garnishor. In the instant situation the City's statutory obligation to contribute funds for the operation of the Sergeant's office would remain. See Va.Code Ann. §§ 14.1–68 through 14.1–80.

While the Court is not insensitive to the plight of the plaintiff, who received at the hands of a jury an adjudication to the effect that an officer of the City of Richmond acting in his official capacity under color of law subjected him to cruel and unusual punishment for which the jury determined the sum of $55,000 to be a fair and reasonable amount as compensation, the Court's obligation in an adversary system such as ours is to rule on issues as the law dictates without regard to other considerations.

The plaintiff unquestionably has a right to initiate such further legal action as he may deem appropriate in his quest for satisfaction of the judgment. Nevertheless, it appears to the Court at this juncture that without special legislative action on the part of the appropriate governing body, his quest for monetary relief must fail. Unsatisfied and uncollectible judgments are not, sad to say, strangers to the law.

For the reasons stated, therefore, the Court concludes that it must dismiss the pending garnishment suggestion.

The City's motion to quash execution will be denied on the ground of lack of standing to make such a motion.

Plaintiff's request for counsel fees will be denied.

An appropriate order will issue.